Appellant Lavelle Rogers is appealing the decision of the Muskingum County Court of Common Pleas that found him guilty of aggravated murder with a firearm specification. The following facts give rise to this appeal.
In the early morning hours of August 1, 1997, appellant and his co-defendant Allen Johnson were smoking marijuana and watching movies. At approximately 4:00 a.m., appellant and co-defendant Johnson left appellant's residence and drove to the area of Rocky Morosko's residence, the victim in this case. Prior to leaving the residence, appellant constructed a home-made bomb made out of a sixteen-ounce Mountain Dew bottle, two M-80 firecrackers and kerosene. Appellant also took with him a portable police scanner and made sure co-defendant Johnson had a gun.
Appellant and co-defendant Johnson did not park at the victim's residence but parked on a side street. Upon arriving at the residence, appellant left the home-made bomb outside Morosko's residence. In addition to the presence of the victim, appellant, and co-defendant Johnson, Todd Hartley was also present. The four men talked and smoked marijuana. Appellant subsequently requested the victim to accompany him to the back bedroom so they could talk. Co-defendant Johnson and Todd Hartley remained in the living room. All of a sudden, co-defendant Johnson and Todd Hartley heard the victim state "What are you doing? No" and heard three or four gunshots fired.
After the gunshots, appellant ran down the hall. Appellant turned to co-defendant Johnson and told him to get Todd Hartley. Todd Hartley ran for the door of the residence. Co-defendant Johnson began shooting at Todd Hartley and chased him down the street as Hartley attempted to run away. Co-defendant Johnson shot Todd Hartley once in the back and once in the leg. Todd Hartley fled to the residence of Jackie Morosko, the sister of the victim. Hartley did not know Jackie Morosko. He informed her that "Lavelle shot me and my buddy. My buddy is probably dead. He shot him and he's probably dead." Tr. at 294. Jackie Morosko immediately called 911.
The Muskingum County Sheriff's Department arrived on the scene at approximately 6:00 a.m. Todd Hartley informed Deputy Pete Fisher that appellant shot Rocky Morosko. Upon entering the Morosko residence, Deputy Mike Prather found the victim in the back bedroom. In the doorway of the bedroom, the deputy found the home-made bomb appellant took to the Morosko residence. The wicks of the M-80 firecrackers had black soot on them as if they had been partially burned.
The sheriff's department arrested appellant, at his residence, at approximately 8:55 a.m. A search of appellant's residence revealed several boxes of ammunition, which included 9 mm Luger Black Talon rounds, the same ammunition used to kill the victim.
The Muskingum County Grand Jury indicted appellant on one count of aggravated murder and one count of attempted aggravated murder. Both counts contained three-year gun specifications. Appellant's trial commenced on January 27, 1998. Appellant testified, at trial, and stated he could not have killed Rocky Morosko because at the time of the murder, he was looking for his lost pit bull, Matilda. Following deliberations, the jury found appellant guilty of aggravated murder and the attendant gun specification. The jury found appellant not guilty of the charge of attempted aggravated murder and the attendant gun specification. The trial court imposed a life sentence consecutive to the sentence for the three-year gun specification.
Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT OF CONVICTION DEPRIVED APPELLANT OF HIS RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS BECAUSE THE STATE FAILED TO INTRODUCE SUFFICIENT EVIDENCE TO ESTABLISH ALL THE ELEMENTS OF THE OFFENSE OF AGGRAVATED MURDER BEYOND A REASONABLE DOUBT.
 II. THE STATE'S IMPEACHMENT USE OF APPELLANT'S POST-ARREST SILENCE VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 III. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN ALLOWING THE ADMISSION OF CERTAIN TESTIMONY, THE CUMULATIVE EFFECT OF WHICH WAS TO DENY APPELLANT A FAIR TRIAL IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
 IV. THE JUDGMENT OF CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND RESULTED IN SUCH A MANIFEST MISCARRIAGE OF JUSTICE THAT THE CONVICTION VIOLATES DUE PROCESS AND MUST BE REVERSED. ACCORDINGLY, THE TRIAL COURT'S DENIAL OF APPELLANT'S MOTION FOR ACQUITTAL WAS PREJUDICIAL ERROR.
 I
Appellant maintains, in his First Assignment of Error, there was insufficient evidence to establish prior calculation and design as required by R.C. 2903.01(A). We disagree.
In reviewing a record for sufficiency, "[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. It is based on this standard that we review appellant's First Assignment of Error.
"* * * [I]t is not possible to formulate a bright-line test that emphatically distinguishes between the presence or absence of 'prior calculation and design.' Instead, each case turns on the particular facts and evidence presented at trial."State v. Taylor (1997), 78 Ohio St.3d 15, 20. In analyzing the jury's determination that appellant acted with prior calculation and design, we must review the evidence in a light most favorable to the prosecution. Jenks at paragraph two of the syllabus. In State v. Cotton (1978), 56 Ohio St.2d 8, paragraphs two and three of the syllabus, the Ohio Supreme Court discussed the term "prior calculation and design":
 2. Instantaneous deliberation is not sufficient to constitute 'prior calculation and design.
 3. Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified.
"Neither the degree of care nor the length of time the offender takes to ponder the crime beforehand are critical factors in themselves, but momentary deliberation is insufficient."State v. Awkal (1996), 76 Ohio St.3d 324, 330, citing State v.D'Ambrosio (1993), 67 Ohio St.3d 185, 196, quoting Cotton at 11.
In light of our standard of review, we find sufficient evidence to support the jury's conclusion that appellant acted with prior calculation and design when he shot Rocky Morosko. The evidence reveals appellant constructed a home-made bomb which he took to the victim's residence. Tr. at 309. Prior to leaving for Morosko's residence, appellant asked co-defendant Johnson if he had a gun on him and told him to take the police scanner with them. Id. at 311, 321. Rather than parking in front of the victim's residence, appellant parked on a side street. Id. Co-defendant Johnson testified that appellant and the victim went into a back bedroom, he heard the victim say something and then heard the gunshots. Id. at 313.
In construing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence to prove prior calculation and design. Prior to leaving for Morosko's residence, appellant made sure co-defendant Johnson had a gun and the police scanner. Further, appellant parked his vehicle on a side street rather than in front of Morosko's residence. Appellant's conduct points to a scheme designed to implement his calculated decision to murder Rocky Morosko.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant maintains Appellee State of Ohio improperly impeached him with his post-arrest silence thereby violating the Due Process Clauses of the United States and Ohio Constitutions. We disagree.
Appellant argues this occurred twice. Appellant alleges the first instance occurred during the redirect examination of co-defendant Johnson with reference to the anticipated testimony of appellant and Jason Barnett that co-defendant Johnson, not appellant, made the bomb. Tr. at 340-341. Appellant maintains the second instance occurred when the State of Ohio improperly referred to appellant's post-arrest silence during the cross-examination of appellant, at trial. Tr. at 505. In support of this assignment of error, appellant refers to the case of Doyle v. Ohio (1976), 426 U.S. 610, 618, wherein the United States Supreme Court stated "* * * it would be fundamentally unfair and a deprivation of due process to allow the arrested person's silence to be used to impeach an explanation subsequently offered at trial."
The record reveals defense counsel did not object to either line of questioning. Therefore, we must review this matter under a plain error analysis. Crim.R. 52(B) addresses the plain error standard and provides as follows:
 (B) Plain Error. Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.
Notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. D'Ambrosio (1993), 67 Ohio St.3d 424, 437;State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus.
The first instance referred to by appellant occurred during the testimony of codefendant Johnson and refers to whether co-defendant Johnson made the bomb. Codefendant Johnson testified the prosecutor told him that appellant alleged he made the bomb. Tr. at 340. Clearly, this line of questioning was not an attempt to impeach appellant's post-arrest silence as the State of Ohio was not even questioning appellant when it asked these questions.
The second instance allegedly occurred when appellant testified, during the State of Ohio's cross-examination, that a lawyer he had at the time of his arrest advised him not to say anything. Tr. at 505. We find this line of questioning did not improperly impeach appellant with his post-arrest silence because the State of Ohio was merely attempting to determine whether there were any witnesses to an alleged conversation that occurred between appellant and co-defendant Johnson in which Johnson allegedly suggested to appellant that they rob Rocky Morosko.
Under a plain error analysis, we do not find the outcome of the trial would have been different but for the errors claimed by appellant because the State of Ohio did not improperly impeach appellant with use of his post-arrest silence.
Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court committed prejudicial error in allowing the admission of certain testimony, the cumulative effect of which was to deny him a fair trial in violation of his due process rights under the Ohio and United States Constitutions. We disagree.
As in appellant's Second Assignment of Error, defense counsel did not object to the line of questioning appellant now challenges, on appeal, in his Third Assignment of Error. Therefore, we review this assignment of error under a plain error analysis.
Appellant sets forth three arguments in support of this assignment of error. Appellant first claims the trial court permitted the prosecutor to prematurely impeach Jason Barrett's credibility by soliciting testimony from co-defendant Johnson that Barrett went to appellant's residence to purchase marijuana. Tr. at 341. Appellant argues this impeachment testimony violates Evid.R. 608(B) because it amounts to extrinsic evidence of a specific instance of conduct introduced, not through cross-examination, but the testimony of another witness. Appellant also argues this evidence was inadmissible under Evid.R. 403 because it was more prejudicial than probative.
Evid.R. 608(B) permits the introduction of specific instances of conduct of a witness, on cross-examination, when the specific instances of conduct are probative of truthfulness or untruthfulness and: (1) concerns the witness's character for truthfulness or untruthfulness, or (2) concerns the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified. Upon review of the transcript, we find the prosecutor merely asked co-defendant Johnson if he knew what Jason Barrett was doing at the victim's house that evening. The prosecutor was not probing into truthfulness or untruthfulness. Therefore, we find no violation of Evid.R. 608(B). We also find no violation of Evid.R. 403 as this information is not more prejudicial than probative.
Appellant next argues the prosecution impeached Patricia Tate, appellant's mother, on the basis of pictures depicting a pipe for crack cocaine, a box of needles, and a cigar box containing marijuana. These items were discovered in Tate's residence. Tr. at 451-453. Appellant maintains the prosecutor attempted to demonstrate that Patricia Tate was either not aware of the presence of these items in her residence or tolerated their presence. Appellant claims this casts his mother in a negative light and violates Evid.R. 608(B) and Evid.R. 403.
We find this line of questioning proper, under Evid.R. 608(B), as it concerned Patricia Tate's character for truthfulness or untruthfulness. Although Patricia Tate claimed she was not aware of the presence of these items in her residence, these items were readily available and evident. Therefore, the prosecution properly impeached Tate's testimony under Evid.R. 608(B). Further, we find Patricia Tate's testimony is not more prejudicial than probative and therefore admissible under Evid.R. 403.
Finally, appellant contends the trial court improperly permitted the prosecution to solicit expert testimony concerning gunshot residue from Detective Timothy Hartmeyer, the Muskingum County Sheriff's evidence technician. On redirect examination, the prosecution asked Detective Hartmeyer about the characteristics of stippling and of burned and unburned gunpowder. Tr. at 371-372. The prosecution also asked Detective Hartmeyer whether most gunshot victims have gunpowder on them to which Detective Hartmeyer responded "yes". Tr. at 372. Appellant contends the prosecution made no effort to qualify Detective Hartmeyer as an expert on the characteristics of gunpowder or gunshot victims. Appellant claims Detective Hartmeyer was merely an evidence technician and therefore, was not qualified to conduct tests or interpret test results. Appellant further notes the prosecution did not qualify Detective Hartmeyer as an expert witness under Evid.R. 702.
A review of Detective Hartmeyer's testimony indicates he was not attempting to testify as an expert in this case. Detective Hartmeyer, as an evidence technician for the Muskingum County Sheriff's Department, has general knowledge about the presence of gunshot residue and the collection of this evidence. Detective Hartmeyer was not attempting to testify as an expert in this area and there was no need for the prosecution to qualify him as an expert witness under Evid.R. 702.
Under a plain error analysis, we do not find the outcome of the trial would have been different but for the errors claimed by appellant in his Third Assignment of Error.
Appellant's Third Assignment of Error is overruled.
 IV
In his Fourth Assignment of Error, appellant maintains the trial court erred when it denied appellant's motion for acquittal because the judgment is against the manifest weight of the evidence. We disagree.
Crim.R. 29(A) addresses a motion for acquittal and provides:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The trial court should overrule a motion for acquittal pursuant to Crim.R. 29(A) where the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus.
Appellant claims the trial court should have granted his motion for acquittal because the judgment is against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
In support of this assignment of error, appellant argues the prosecution introduced evidence that established appellant could not have killed Rocky Morosko. Appellant refers to the testimony of Debra Gheen who testified that she saw appellant looking for his dog when she left for work in the morning. Appellant contends this establishes he could not have been at the murder scene. Second, appellant argues the prosecution introduced no physical evidence to prove he was at the scene and/or shot Rocky Morosko. Finally, appellant argues the lack of credibility and corroboration of Todd Hartley and co-defendant Johnson.
We cannot find, upon review of the record in this matter, that the jury clearly lost its way and created such a manifest miscarriage of justice that appellant's conviction must be reversed and a new trial ordered. Therefore, the trial court properly denied appellant's motion for acquittal since appellant's conviction is not against the manifest weight of the evidence.
Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, P. J., Gwin, J., and Reader, V. J., concur.
-----------------------
-----------------------
 ----------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.
-----------------------
-----------------------
 ----------------------- JUDGES