8

The State of Ohio, Appellee, *v*. Cotton, Appellant.

(No. 77-1483—Decided October 4, 1978.)

10

Mr. *William F. McKee,* prosecuting attorney, for appellee.

Messrs. *Mestel, Cummings & Benson,* and *Mr. Sanders J. Mestel,* for appellant.

HERBERT, J. Appellant asserts six propositions of law. First, he argues that the trial court erred in overruling his renewed motion for acquittal at the close of all evidence, alleging that there was insufficient evidence upon which a reasonable mind might fairly conclude that appellant was guilty of aggravated murder beyond a reasonable doubt.

R. C. 2903.01 states in pertinent part:

"(A) No person shall purposely, and with prior calculation and design, cause the death of another."

This statute became effective on January 1, 1974. "Prior calculation and design" is not defined in the Criminal Code, nor has this court yet construed the phrase.

Former law described "deliberate and premeditated malice" as constituting first degree murder. Under the prior statute, a killing could be premeditated even though conceived and executed on the spur of the moment. The only requirement was that the malicious purpose be formed before the homicidal act, however short in time. See *State v. Stewart* (1964), 176 Ohio St. 156, 198 N. E. 2d 439.

"Prior calculation and design" is, however, a more stringent element. The apparent intention of the General Assembly in employing this phrase was to require more than the few moments of deliberation permitted in common law interpretations of the former murder statute, and to require a scheme designed to implement the calculated decision to kill. Thus, instantaneous deliberation is not sufficient to constitute "prior calculation and design."

This reasoning does not buttress appellant's proposition. Appellant fired numerous shots at the two police officers, the last of which caused the death of Officer Hutchison. The evidence adduced reveals the presence of sufficient time and opportunity between the appearance of the police officers on the scene and the fatal shot into Officer Hutchison for the planning of the killing and for the planning to constitute prior calculation. The circumstances surrounding the firing of the non-fatal shots and the circumstances surrounding the firing of the last shot justify a finding of design.

Appellant alleges as his second proposition of law that R. C. 2945.06 is unconstitutional. That statute provides for trial by a three-judge panel if an accused waives his right to jury trial in a capital case. Appellant alleges that R. C. 2945.06 allows for arbitrary and capricious discretion by the three-judge panel and further penalizes an accused's right to plead not guilty. Appellant alleges further that the corresponding Crim. R. 11(C)(3) is also unconstitutional for the same reasons.

Appellant relies on *United States* v. *Jackson* (1968), 390 U. S. 570. However, reliance on that case is misplaced. In *Jackson*, a defendant, pursuant to the Federal Kid-

napping Act, could, by waiving his right to a jury trial or pleading guilty, avoid the sentence of death. The court, at page 583, held that such a statute "needlessly *encourages*" guilty pleas and jury waivers and thus chills the exercise of basic constitutional rights. Because the statute penalized those defendants who pled not guilty and demanded a jury trial, the clause permitting this situation was declared unconstitutional.

Under R. C. 2945.06 and Crim. R. 11(C)(3), a defendant, even if he pleads guilty or no contest, is not assured that any or all of the specifications contained in his indictment will be dismissed, since under Crim. R. 11(C)(3) the court *may* dismiss such specification in the "interests of justice." Thus the chilling effect found in the *Jackson* case is absent in the Ohio scheme. *State* v. *Weind* (1977), 50 Ohio St. 2d 224, 227-229, 364 N. E. 2d 224.

As his third proposition of law, appellant asserts that the action of the three-judge panel is a nullity as one of the members of the panel was a probate judge.

In support, appellant cites R. C. 2931.01 which states in pertinent part:

"As used in Chapters 2931 to 2953, of the Revised Code:

"* * *

"(B) 'Judge' does not include the probate judge."

Appellant points out that R. C. 2945.06 (which provides for the three-judge panel in capital cases where jury trial is waived) falls within the above statute.

Appellant's contention is without merit. Section 4 of Article IV (as amended effective November 6, 1973, and adopted May 7, 1968) of the Constitution of Ohio provides for a Court of Common Pleas and that the Probate Division shall be a division of that court. Section 5(A)(3) of Article IV provides in part:

"The chief justice or acting chief justice, as necessity arises, shall assign any judge of a court of common pleas or a division thereof temporarily to sit or hold court on any other court of common pleas or division thereof * * *."

R. C. 2931.01 is thus ineffective to disqualify judges of the Probate Division of a Court of Common Pleas from serving in criminal cases. Such automatic disqualification is contrary to the above provisions of the Constitution.

As his fourth proposition, appellant urges that R. C. 2901.05 unconstitutionally deprives a defendant of the standard of proof beyond a reasonable doubt.

That section provides in part:

"(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. * * *

"* * *

"(D) 'Reasonable doubt' is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. 'Proof beyond a reasonable doubt' is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs."

Appellant contends that the above definition of reasonable doubt is "strikingly similar" to the standard of clear and convincing evidence.

We see no merit to that contention. Appellant did not object as to this matter at trial, nor has he cited any authority that the Ohio definition of reasonable doubt is constitutionally deficient. *State* v. *Nabozny* (1978), 54 Ohio St. 2d 195, 375 N. E. 2d 784.

Appellant, in his fifth proposition of law, argues that R. C. 2929.04(B) violates his Fourteenth Amendment rights by placing the burden of proof upon him at the mitigation hearing with respect to the degree of culpability and resulting punishment.

Because of the decisions of the United States Supreme Court in *Lockett* v. *Ohio* (1978),     U. S.    , 57 L. Ed.

14

2d 973, and *Bell* v. *Ohio* (1978), U. S. , 57 L. Ed. 2d 1010, this court has already modified the sentence imposed in this cause and appellant's death sentence has been reduced to life imprisonment. See *State* v. *Cornely* (1978), 56 Ohio St. 2d 1, N. E. 2d .

As his sixth proposition, appellant urges that the trial court erred in overruling a motion to suppress tape recorded statements made by appellant and played at trial.

The prosecution in its case in chief presented no evidence as to any statements made by appellant. After the state rested, defense counsel called appellant as a witness. On direct examination, appellant denied seeing any police officers in the store or knowing that there were police officers attempting to apprehend him. Then the state, for impeachment purposes only, cross-examined appellant as to prior statements given to police following *Miranda* warnings. Appellant attempted to explain the discrepancies by testifying that the statements made to police were not actually his, but were those which the police directed him to say. The prosecution then submitted the statements and tapes for impeachment and the tapes subsequently were played at trial. Such impeachment is proper. See *Oregon* v. *Hass* (1975), 420 U. S. 714.

The judgment of the Court of Appeals with respect to the conviction of the appellant is affirmed and, as heretofore noted, the death sentence imposed upon appellant has been modified to life imprisonment.

*Judgment accordingly.*

CELEBREZZE, W. BROWN, STEPHENSON, SWEENEY and LOCHER, JJ., concur.

LEACH, C. J., not participating.

STEPHENSON, J., of the Fourth Appellate District, sitting for P. BROWN, J.