JOURNAL ENTRY AND OPINION
Jerry Smiley appeals from a judgment of the common pleas court entered pursuant to a jury verdict finding him guilty of aggravated murder in count one with a firearm specification, guilty of murder in count two with a firearm specification, and guilty of having a weapon while under disability in count four, all in connection with the shooting death of William Smith, Jr. On count one, the court sentenced him to a term of three years for the gun penalty prior to and consecutive with a term of life imprisonment with no possibility of parole until he had completed twenty full years; count two merged with count one; and on count four, the court imposed a consecutive term of one year. On appeal, Smiley urges that the court erred when it improperly admitted other-act evidence, that his conviction for aggravated murder is based on insufficient evidence, and that the court improperly imposed the sentence for having a weapon while under disability consecutively with his life sentence. After reviewing the record, we affirm the judgment of conviction but remand the matter for re-sentencing.
On the evening of April 24, 1999, William Smith, Jr., received his paycheck from Vincenza's Pizza, cashed it, and drove to 7561 Garden Valley Drive, to visit April Harris and smoke crack cocaine. There he met Margie Scott, a man named Leon, and Jerry Smiley. Smiley used this apartment to sell drugs and carried a .357 revolver. Harris asked Smith if she could buy a rock of crack cocaine from him or borrow some money, but he told her he only had one rock and a fifty dollar bill. He further stated that he would get more cocaine and would be back; he then left the apartment. Smiley followed him out of the apartment and robbed him in the hallway. Smith tried to get away from Smiley and ran out of the building, but Smiley followed him. Once outside the building, Smiley watched Smith run a few feet and then fired one shot which struck Smith in the back of the head, killing him.
The grand jury indicted Smiley on one count of aggravated murder with prior calculation and design, one count of aggravated murder while committing or attempting to commit, or while fleeing after committing or attempting to commit an aggravated robbery, one count of aggravated robbery and one count of having a weapon while under a disability. The two counts of aggravated murder included one-year and three-year firearm specifications.
In its case-in-chief, the state presented evidence from ten witnesses, including John Silko, Smiley's parole officer assigned to the Fugitive Task Force, who testified about his efforts to find Smiley pursuant to an arrest warrant. The state also presented evidence from Cleveland Police Detective Michael O'Malley, who testified regarding statements that Smiley had made to him about an incident in which Smiley had been shot for selling imitation drugs. The defense rested without presenting any evidence.
Following deliberation, the jury found Smiley guilty of aggravated murder with a firearm specification, murder with a firearm specification, and of having a weapon while under a disability. The court then sentenced Smiley to a term of twenty years to life to be served consecutive to three years for the firearm specification plus one year for having a weapon while under a disability.
Smiley now appeals, and sets forth three assignments of error for our review. The first states:
 THE TRIAL COURT PREJUDICED THE DEFENSE BY WRONGLY ALLOWING THE ADMISSION OF IMMATERIAL AND IRRELEVANT EVIDENCE OF OTHER ACTS.
Smiley urges the court erred when it allowed testimony by his parole officer, John Silko, concerning attempts to locate Smiley on a parole violation and he further urges the court improperly allowed testimony from Detective Michael O'Malley concerning an incident where Smiley had been shot for selling imitation drugs. The state, however, maintains the court properly allowed that testimony.
Thus, we are concerned with whether the court erred when it admitted the testimony offered by Silko and O'Malley.
In State v. Sage (1987), 31 Ohio St.3d 173, the court stated in paragraph two of its syllabus:
 The admission or exclusion of relevant evidence rests within the sound discretion of the trial court.
Additionally, in State v. Combs (1991), 62 Ohio St.3d 278, the court stated:
Even relevant evidence may be excluded, under Evid.R.
 403(A), if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Evid.R. 404(B) states:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
Further, R.C. 2945.59 states:
 In any criminal case in which the defendant's motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act is material, any acts of the defendant which tend to show his motive or intent, the absence of mistake or accident on his part, or the defendant's scheme, contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another crime by the defendant.
In this case, the state presented testimony from Silko, who testified that he spoke with members of Smiley's family and friends and initially told them that a warrant had been issued for his arrest because he had violated his parole by failing to report. Being unable to locate him, Silko then informed the family that Smiley had become a suspect in Smith's murder and the police wanted to question him. The state offered this testimony to show Smiley's continued flight from the murder scene.
The court erred in admitting this testimony, as it is not in conformity with Evid.R. 404(B); however, we have concluded that this is harmless error pursuant to Crim.R. 52, because we have concluded it does not affect Smiley's substantial rights. The jury heard testimony from April Harris and Margie Scott who both testified they observed Smiley shoot Smith. Based on this testimony, the jury had evidence to support the conviction and the evidence offered by the state from Silko does not constitute reversible error.
Regarding the statements made by Smiley to Detective O'Malley that he had been shot for selling imitation drugs, Smiley contends it constitutes inadmissible hearsay. The state, however, maintains that this statement is non-hearsay and, therefore, admissible.
We note that Evid.R. 801 provides:
(D) Statements which are not hearsay.
A statement is not hearsay if:
* * *
 (2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity * * *.
At trial, Detective O'Malley testified that Smiley told him that he had been shot on a prior occasion for selling imitation drugs. In accordance with Evid.R. 801(D), the state offered Smiley's own statement against him. Therefore, it is not hearsay and it is admissible. Accordingly, this assignment of error is overruled.
 II. THERE WAS INSUFFICIENT EVIDENCE OF AGGRAVATED MURDER SINCE NO REASONABLE FACTFINDER COULD FIND THAT THE EVIDENCE ESTABLISHED PRIOR CALCULATION AND DESIGN BEYOND A REASONABLE DOUBT.
Smiley asserts that his conviction for aggravated murder is not supported by sufficient evidence because the state failed to prove the element of prior calculation and design beyond a reasonable doubt. The state, however, maintains it proved each element of the offense.
Thus, the issue concerns whether Smiley's conviction for aggravated murder had been supported by sufficient evidence.
We begin our analysis with Crim.R. 29(A), which provides in part:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * *.
The test for sufficiency of the evidence raises a question of law to be decided by the court before the jury may receive and consider the evidence of the claimed offense. In State v. Jenks (1991),61 Ohio St.3d 259, the court stated:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond reasonable doubt. (Citations omitted.)
R.C. 2903.01 states in pertinent part:
 (A) No person shall purposely, and with prior calculation and design, cause the death of another.
In State v. Cotton (1978), 56 Ohio St.2d 8, the court explained circumstances which justify a finding of prior calculation and design in its syllabus:
 3. Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified.
Further, in State v. Jenkins (1976), 48 Ohio App.2d 99, the court outlined three factors to consider in determining whether a defendant killed with prior calculation and design: 1) whether the accused and the victim knew one another prior to the killing, and, if so, the nature of their relationship; 2) whether the accused gave thought or preparation to the method or place of the killing; and 3) whether the act was drawn out over a period of time or occurred almost instantaneously.
In this case, Harris and Scott testified that on the night of the shooting, Smith had displayed a rock of crack cocaine and a fifty dollar bill prior to leaving Harris' apartment. When Smith did leave, Smiley followed him out into the hallway. They further testified that immediately prior to the shooting, Smiley and Smith struggled in the hallway, after which Smith ran out of the apartment building with Smiley following a few steps behind. Harris and Scott stated they saw Smith run down the sidewalk approximately twenty feet while Smiley stood next to a tree taking aim. Smiley waited a few seconds and then shot Smith in the back of the head.
Based on these facts, it is reasonable for a jury to conclude that Smiley had sufficient time and opportunity for the planning of the killing and had a scheme designed to implement the calculated design to kill when he robbed Smith, chased him out of the building, watched as he attempted to escape, took aim, and shot him. Therefore, we have concluded that the state presented sufficient evidence to establish prior calculation and design beyond a reasonable doubt. Accordingly, this assignment of error is not well taken.
 III. THE APPELLANT'S CONSECUTIVE SENTENCES WERE IMPOSED CONTRARY TO LAW AND MUST THEREFORE BE VACATED AND THE CASE REMANDED FOR A NEW TRIAL.
Smiley asserts the court failed to make the requisite statutory findings prior to imposing consecutive sentences for the firearms specification and the charge of having a weapon while under a disability. The state, on the other hand, maintains the court complied with R.C.2929.14(E).
Thus, we are concerned with whether the court's imposition of consecutive sentences is contrary to law.
R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence if it imposes consecutive sentences under R.C. 2929.14. Further, R.C. 2929.14(E) provides in part:
 If multiple terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
The court imposed consecutive sentences for the offenses of aggravated murder, murder and having a weapon while under a disability and stated the following prior to imposing sentence upon Smiley:
 Well, the Court, having reviewed the verdicts of the jury, finds that the defendant is sentenced on Count 1 to 20 years to life, which is the mandatory sentence; is that correct, Mr. Miles?
* * *
 Plus the three years for the firearm specification, which are to be served consecutive to and prior to the 20 to life, so that's 23 to life on Count 1.
 And on Count 4, the having the weapon while under disability, that is a felony of the fifty (sic) degree; is that correct, Mr. Miles?
* * *
 And on that count, the Court having determined that the defendant has, of course, committed the worst the most severe offense of having a weapon while under a disability, used the weapon to commit the murder, the Court will sentence the defendant to the 12 months that that allows and will run that consecutive to Count 1, for a total of 24 to life on this case.
The court then informed Smiley of his appellate rights. The court did not, however, make the statutorily mandated findings for imposing consecutive sentences in accordance with R.C. 2929.14(E), either at the time of sentencing or in its sentencing entry.
In State v. Albert (November 13, 1997), Cuyahoga App. No. 72677, unreported, we stated at page 230:
 * * * R.C. 2929.19(B)(2)(c) requires the trial court to make a finding that gives its reasons for selecting the sentence imposed it imposes consecutive sentences.
We then referred to R.C. 2929.14(E)(3).
Accordingly, in this case, we affirm the judgment of the court in imposing the sentences of life imprisonment for the aggravated murder, and the three year gun penalty which must be served prior to and consecutive with the life sentence and the one year term for having a weapon while under a disability. However, based on the foregoing analysis, we remand the matter to permit the trial court to make and journalize its findings in accordance with R.C. 2929.19(B)(2)(c) and 2929.14(E)(3) as to whether the sentence for the weapons under disability charge should be consecutively imposed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and JAMES M. PORTER, J., CONCUR
 ____________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE