OPINION
On Wednesday, July 19, 1995, Ervin Nixon and Douglas Harvey stopped for a red light at the intersection of Ohio and Livingston Avenues. Shortly thereafter, they became the victims of a drive-by shooting.
Nixon and Harvey were following their friends, Joe Robinson and Chris Veney, as all four drove to visit Robinson's girlfriend, who lived on the east side of town. Nixon, who was driving his car, stopped immediately behind Robinson and Veney at a red light at Ohio and Livingston Avenues. At that time, Harvey was seated in the front passenger seat of Nixon's car.
As the four waited for the light to change, a blue Chevrolet pulled up along the right side of Nixon's car. The defendant, Marvell E. Dixon, was seated in the right front passenger's seat of the Chevrolet. As the vehicle came to a stop, defendant partially climbed out of the front passenger window and fired several shots toward Nixon and Harvey.
When the shooting started, Robinson sped through the intersection to take cover in a nearby alley. Nixon, who was only slightly wounded, jumped from his car and fled on foot. However, Harvey received two fatal gunshot wounds to his head. He was later found slumped over in the front seat of Nixon's car.
Although Nixon, Veney, and Robinson returned to the scene of the shooting, none of them immediately identified defendant as the individual responsible for Harvey's murder. In fact, Nixon did not notify the Columbus police that defendant was responsible for the shooting for almost a year. Not long thereafter, Robinson also identified defendant as the shooter, and both picked defendant from a random photo array.
Based upon the information provided by Nixon and Robinson, on February 14, 1997, defendant was indicted and charged with aggravated murder and felonious assault. Both counts of the indictment were accompanied by an associated firearm specification.
Defendant was first tried before a jury in January 1998. However, that proceeding ended when the trial court declared a mistrial. Defendant's second trial began in February 1998, and ended when the jury was unable to reach a verdict. Defendant was then tried a third time and was found guilty by a jury of aggravated murder, felonious assault, as well as the associated firearm specification. Defendant now appeals raising the following three assignments of error:
 [1.] The trial court denied appellant his rights to a fair trial and due process of law by permitting witness testimony that did not conform to Evid.R. 401, 403, 404(b) and 602.
 [2.] The prosecution denied the appellant his rights to a fair trial and due process of law by engaging in prosecutorial misconduct during his trial.
 [3.] Sufficient evidence as a matter of law did not support the guilty finding to count one of the indictment because the prosecution failed to prove that the appellant purposely caused the death of [Harvey] with prior calculation and design.
In his first assignment of error, defendant argues that the trial court admitted witness testimony which did not conform to Evid.R. 401, 403, 404(b), or 602.
Evid.R. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Evidence which is not relevant is not admissible. Evid.R. 402.
Evid.R. 401 defines relevant evidence in extremely broad terms. Similarly, trial courts have broad discretion to determine whether relevant evidence should be admitted or excluded, and, unless a court has clearly abused its discretion in a manner which materially prejudices a party, reviewing courts will be slow to interfere. State v. Maurer
(1984), 15 Ohio St.3d 239, 265. Stated alternatively, a reviewing court will not reverse a decision of a trial court unless it concludes from the record that the lower court acted in an unreasonable, arbitrary, or unconscionable manner. State v. Adams (1980), 62 Ohio St.2d 151, 157. See, also, In re Jane Doe 1 (1991), 57 Ohio St.3d 135.
In passing upon defendant's first contention, we have been unable to find any evidence which could be considered irrelevant pursuant to Evid.R. 401. Indeed, we agree with the state's position that the evidence introduced at trial was clearly relevant to the state's theory that the shooting was the result of gang activity.
Defendant also contends that the trial court admitted evidence which should have been excluded under Evid.R. 403. Pursuant to Evid.R. 403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury. This is a heavy burden, as the mere existence of prejudice alone is not sufficient to justify the exclusion of relevant evidence.
Although defendant reasonably argues that the evidence of gang affiliation and activity was unfavorable to his defense, in our view, the evidence does not unfairly prejudice the defendant, nor does the danger of unfair prejudice substantially outweigh the probative value of the evidence. The state's case was based upon eyewitness testimony that the shooting was gang related. Joe Robinson and Chris Veney both testified that they belonged to a gang known as the "Crips," and that the intersection of Ohio and Livingston Avenues was considered to be the territory of a rival gang known as the "Bloods." At trial, Robinson testified that he observed a group of people standing around the same blue car from which the defendant shot, as he and the others approached the intersection of Ohio and Livingston Avenues. Several members of this group wore black and red, the "colors" associated with the "Bloods" gang, while Harvey and the others wore blue, the color associated with the "Crips" gang. Additionally, Nixon, who was called to testify by defendant, testified that he knew defendant and knew him to be a "Blood." Nixon also identified the defendant as the shooter.
We are unable to conclude that the trial court acted unreasonably or erred when it permitted testimony that Harvey's murder was occasioned by his actual or perceived membership in a gang which rivaled the defendant's.
Defendant next argues that the trial court improperly admitted inadmissible character evidence. General evidence of an individual's character is not admissible to prove that the individual acted in conformity therewith on a particular occasion. Evid.R. 404(A); State v.Hill (1992), 64 Ohio St.3d 313. However, evidence of other acts is admissible when it is offered for other purposes, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B).
In this case, the defendant does not point to any specific instance where "other acts" evidence was improperly admitted. Rather, under the guise of Evid.R. 404(B), defendant again argues that evidence tending to show that the motive for the shooting was gang related should have been excluded. However, evidence of motive and/or intent is always relevant and admissible in a murder case. State v. Lancaster (1958),167 Ohio St. 391, 396.
Moreover, even assuming that "other acts" evidence was improperly admitted, in this case the identity of the murderer was shown by direct eyewitness testimony. The generally challenged testimony was admissible to show defendant's motive and intent for the shooting. Indeed, defense counsel did an effective job illuminating the potential lack of credibility of the eyewitnesses. Accordingly, we cannot say that the result of defendant's trial would clearly have been otherwise had this evidence been excluded. Accordingly, the challenged testimony is admissible under Evid.R. 404(B).
Finally, defendant maintains the trial court admitted evidence from witnesses in violation of Evid.R. 602. That rule provides:
 A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that he has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness himself. * * *
We have been unable to find any indication that the testimony given at trial by any witness was not based upon personal knowledge. Thus, the admission of the testimony does not amount to plain error. Accordingly, defendant's first assignment of error is overruled.
In his second assignment of error, defendant accuses the prosecutor of engaging in misconduct.
The test used to determine the existence of prosecutorial misconduct is whether the conduct or remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. State v.Smith (1984), 14 Ohio St.3d 13, 14. "[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." Smith v. Phillips
(1982), 455 U.S. 209, 219, 102 S.Ct. 940, 947. As such, misconduct is not grounds for reversal unless it is shown that the defendant has been denied a fair trial. Maurer, supra, at 266.
Again, we are unable to conclude that the prosecutor's alleged misconduct denied the defendant a fair trial. As noted, we disagree with defendant's contention that any and all evidence tending to show that defendant was associated with a gang, or that the motive for the shooting was territorially based, should be excluded. When viewed in its entirety, we are convinced that the defendant was not denied a fair trial by the prosecutor. Accordingly, defendant's second assignment of error is overruled.
In his third assignment of error, defendant argues his conviction is not supported by sufficient evidence. Specifically, defendant contends that there was legally insufficient evidence presented from which the jury could have found that the defendant purposely caused the death of another with prior calculation and design.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court explained:
 * * * "[S]ufficiency" is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law. * * * In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. * * * In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. * * * [Citations omitted; id. at 386.]
In State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387, unreported, this court explained that when reviewing a conviction challenged on the basis of the sufficiency of the evidence, the evidence must be construed in a light most favorable to the prosecution, and the reviewing court must determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. As the Ohio Supreme Court explained in the second paragraph of the syllabus in State v. Jenks (1991), 61 Ohio St.3d 259:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
"Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified."State v. Goodwin (1999), 84 Ohio St.3d 331, quoting State v. Cotton
(1978), 56 Ohio St.2d 8.
In this case, the testimony easily supported a conclusion that the defendant was with a group standing around the blue Chevrolet as the decedent and the others drove past and pulled up to the intersection of Ohio and Livingston Avenues a short distance away. Accordingly, defendant had time to observe Nixon, Harvey, Robinson, and Veney and formulate a conclusion that they were members of a rival gang. Defendant then would have had to coordinate the attack with the driver of the blue Chevrolet. The driver of that car then pulled up alongside Nixon and Harvey and waited while defendant climbed out the window and began shooting. The two then sped away to avoid retaliation or identification.
Viewing the evidence in a light most favorable to the prosecution, we find there was ample evidence from which to find that defendant contemplated his acts prior to the shooting. As such, we also overrule defendant's third assignment of error.
For the foregoing reasons, all three of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
BRYANT and BROWN, JJ., concur.