OPINION
{¶ 1} On November 21, 2003, the Stark County Grand Jury indicted appellant, Mary Hawkins, on one count of aggravated burglary in violation of R.C. 2911.11. Said charge arose from an incident involving Mari Jackson and her residence.
 {¶ 2} A jury trial commenced on February 23, 2004. The jury found appellant guilty of the lesser included offense of burglary in violation of R.C. 2911.12. By judgment entry filed April 16, 2004, the trial court sentenced appellant to four years of community control.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The jury's verdict was not supported by sufficient evidence and was against the manifest weight of the evidence."
 II {¶ 5} "The appellant was denied the effective assistance of counsel when a self-defense instruction was not requested."
 I {¶ 6} Appellant claims her conviction for burglary was against the sufficiency and manifest weight of the evidence. Specifically, appellant claims there was no direct evidence that she trespassed by force, stealth or deception, and she was defending herself from Ms. Jackson. We disagree.
 {¶ 7} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990),49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 8} Appellant was convicted of burglary in violation of R.C.2911.12(A)(4) which states the following:
 {¶ 9} "(A) No person, by force, stealth, or deception, shall do any of the following:
 {¶ 10} "(4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present."
 {¶ 11} The victim, Mari Jackson, testified she was awakened in the early morning hours by a knock on her door. T. at 100. Ms. Jackson opened the door a crack and recognized appellant's co-defendant, Charles Copeland. T. at 101. Mr. Copeland was a co-employee of Ms. Jackson, and they had shared "a one-night stand in January of 2003." T. at 90, 93. Mr. Copeland asked Ms. Jackson "what's up?" whereupon she replied, "Nothing, I am in bed." T. at 101. As Ms. Jackson attempted to close the door, appellant "came around from the blind side of my door, tried to force the door open." Id. Appellant accused Ms. Jackson of being a whore and a tramp, and proceeded to gain entry into the residence:
 {¶ 12} "At no time did I see her nor did she make her presence visible until I went to shut the door. I almost had the door shut because at that time I had outweighed her but I could not get the door shut, because at that time Mr. Copeland proceeded to help her gain entry to my apartment.
 {¶ 13} "When the door flew open, I have an entertainment center that's almost by my doorway that only gives me this much room to open the door.
 {¶ 14} "At that time the door flew against my entertainment center. It knocked it catty-corner and made it hit the wall. Then she comes in, she is grabbing my hair." T. at 102.
 {¶ 15} The investigating officer, Deputy Michael Lattea, corroborated the fact that the entertainment center had been moved. T. at 142.
 {¶ 16} The only attack of Ms. Jackson's credibility came from two co-workers, Floyd Cochran and Jason Dyer, who both testified that contrary to Ms. Jackson's assertions, there was bad blood between appellant and Ms. Jackson because of Mr. Copeland. T. at 198, 209-210.
 {¶ 17} Upon review, we find sufficient credible evidence to establish that appellant was the aggressor and that by force, she gained entry into Ms. Jackson's residence. We find no manifest miscarriage of justice.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims her trial counsel was ineffective because she did not request a jury charge on self-defense. We disagree.
 {¶ 20} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 21} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976],48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 22} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 23} A trial court is not required to instruct a jury on an affirmative defense, self-defense sub judice, until the defendant has presented sufficient evidence to warrant an instruction:
 {¶ 24} "The proper standard for determining in a criminal case whether a defendant has successfully raised an affirmative defense under R.C.2901.05 is to inquire whether the defendant has introduced sufficient evidence, which, if believed, would raise a question in the minds of reasonable men concerning the existence of such issue." State v.Melchior, 56 Ohio St.2d 15, paragraph one of the syllabus.
 {¶ 25} Upon agreement of counsel, the trial court charged the jury on the lesser included offense of burglary and aggravated trespass. Defense counsel did not request a charge on self-defense. The burden to prove the affirmative defense of self-defense lies with the defendant. R.C.2901.05(A). In order to warrant an instruction on self-defense, a defendant must establish the following elements:
 {¶ 26} "(1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (State v. Melchior, 56 Ohio St.2d 15, 381 N.E.2d 195,381 N.E.2d 190, approved and followed.)" State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 27} From our review of the record, the only evidence presented was that appellant was the aggressor. The evidence of bad blood in the work environment love-triangle did not establish the affirmative defense of self-defense.
 {¶ 28} In addition, the offense appellant was convicted was burglary, not assault. The undisputed evidence was that appellant forced open the door and entered Ms. Jackson's residence.
 {¶ 29} Upon review, we find no deficiency in defense counsel's failure to request a self-defense charge when there was no proof of self-defense.
 {¶ 30} Assignment of Error II is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Farmer, J., Boggins, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.