OPINION
{¶ 1} On June 8, 2005, the Richland County Grand Jury indicted appellant, Jason Mack, on one count of domestic violence in violation of R.C. 2919.25. The count contained an enhancement specification for a previous conviction of domestic violence in municipal court. Said charge arose from an incident involving appellant and his girlfriend, Teri Tilton.
 {¶ 2} On August 5, 2005, appellant filed a motion to dismiss the specification, claiming appellant had not knowingly waived his right to counsel in the municipal court case. A hearing was held on September 16, 2005. By order filed November 28, 2005, the trial court denied the motion.
 {¶ 3} A jury trial commenced on December 1, 2005. The jury found appellant guilty as charged. By sentencing entry filed December 7, 2005, the trial court sentenced appellant to twelve months in prison.
 {¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "THE TRIAL COURT ERRED IN OVERRULING THE MOTION OF THE DEFENDANT-APPELLANT TO DISMISS THE ENHANCEMENT SPECIFICATION FROM THE INDICTMENT."
 II {¶ 6} "APPELLANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL PROVIDED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION, ARTICLE I, SECTION 10, THE OHIO CONSTITUTION, AS WELL AS THE DUE PROCESS PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND IN ARTICLE I, SECTION 16
OF THE OHIO CONSTITUTION."
 I {¶ 7} Appellant claims the trial court erred in denying his motion to dismiss the enhancement specification. We agree.
 {¶ 8} In order to pursue the enhanced specification, it must be established that appellant's prior conviction was not constitutionally deficient as an uncounseled prior conviction may not be used to enhance a later conviction and sentence. State v.Adams (1988), 37 Ohio St.3d 295; State v. Maynard, (1987),38 Ohio App.3d 50. In State v. Barnett (September 24, 1998), Tuscarawas App. No. 97AP120085, this court noted the following:
 {¶ 9} "In the Pre-Criminal Rules case of Cleveland v.Whipkey (1972), 29 Ohio App.2d 79, the Eight District Court of Appeals stated:
 {¶ 10} "A defendant who enters a plea of guilty in a misdemeanor case simultaneously waives several federal constitutional rights, including, but not limited to, * * * the right to assistance of counsel for his defense. The waiver must be voluntarily, intelligently, and knowingly made and the defendant must understand the nature of the charges against him and the consequences of his plea of guilty. A waiver of the foregoing constitutional rights must affirmatively appear in the record, otherwise, a judgment of conviction based upon a guilty plea is unconstitutional and the accused is entitled to relief therefrom. A waiver of constitutional rights in a misdemeanor case will not be presumed from a silent record.
 {¶ 11} "Id. at para. 2."
 {¶ 12} The above cited cases place the burden on appellant to prove his prior conviction in municipal court was unconstitutional and he did not waive his right to counsel.
 {¶ 13} At the hearing sub judice, the state presented a judgment entry of conviction from the municipal court stating appellant's constitutional rights were explained to him. September 16, 2005 T. at 2-3. There is no acknowledgment by appellant in this entry. Subsequent to this hearing, the municipal court transcript of appellant's October 28, 1998 plea was presented.
 {¶ 14} From a review of this transcript, we find the trial court explained Crim.R. 11 rights and specifically mentioned the right to counsel and to court appointed counsel in misdemeanor cases. October 28, 1998 T. at 2-3. Appellant's case was the first called and from the transcript, it can be presumed he was uncounseled at the time. Id. at 3-4. The trial court did not separately ask appellant if he desired to have counsel or waive counsel. The trial court specifically informed appellant of the enhancement possibilities if he is charged a second time, and asked him to sign a form:
 {¶ 15} "I need to have you sign a form, as I told you, since if you get charged again, they can charge domestic violence as a felony; then we will have a presentence study and take you over to the judge that will sentence you here in a few minutes. So after you sign this form, you can just have a seat until we get you where you have got to go." Id. at 4-5.
 {¶ 16} There is no evidence of what the form said. Based upon the record's failure to affirmatively demonstrate that appellant waived his right to counsel, we find the plea was uncounseled and the right to counsel was not waived.
 {¶ 17} Upon review, we find the trial court erred in denying appellant's motion to dismiss. We therefore dismiss the enhancement specification.
 {¶ 18} Assignment of Error I is granted.
 II {¶ 19} Appellant claims he was denied the effective assistance of trial counsel. Specifically, appellant argues his trial counsel should have pursued the affirmative defense of self-defense. We disagree.
 {¶ 20} The standard this issue must be measured against is set out in State v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 21} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v. Washington [1984],466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)
 {¶ 22} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 23} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." State v. Post (1987),32 Ohio St.3d 380, 388.
 {¶ 24} The burden to prove the affirmative defense of self-defense lies with the defendant. R.C. 2901.05(A). In order to warrant an instruction on self-defense, a defendant must establish the following elements:
 {¶ 25} "(1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (State v.Melchior, 56 Ohio St.2d 15, 381 N.E.2d 195, 381 N.E.2d 190, approved and followed.)" State v. Robbins (1979),58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 26} From our review of the testimony of Ms. Tilton, her son and appellant, we find the facts, as presented in a light most favorable to appellant, do not meet the level of the affirmative defense of self defense.
 {¶ 27} Both Ms. Tilton and her son testified Ms. Tilton grabbed a stick after appellant grabbed her, choked her andthrew her into a ditch. December 1, 2005 T. at 95, 100-101, 122, 125. Appellant testified Ms. Tilton had the stick before
she fell into the ditch, and she swung at him before she fell. Id. at 185. Appellant denied assaulting Ms. Tilton. Id. at 189-190. Appellant stated when he grabbed at the stick Ms. Tilton was holding, he "tried to shake it out of her hand, and as I was shaking it out of her hand she fell in the ditch." Id. at 185. Essentially, appellant claimed Ms. Tilton's fall was an accident.
 {¶ 28} During closing argument, defense counsel advanced the theory that appellant's actions were not knowingly done. Id. at 222. The theory of the case was not that appellant believed he was in danger of deadly force, but that his contact was accidental and not knowingly done. The state of the evidence does not equal a defense of self defense.
 {¶ 29} Upon review, we find nothing deficient in defense counsel's performance.
 {¶ 30} Assignment of Error II is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed in part, reversed in part and remanded.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed in part and reversed in part. The enhancement specification is dismissed. The case is remanded to said court for resentencing. Costs to appellee.