The STATE of Ohio, Appellee,

v.

CLAYTON, Appellant.

[Cite as *State v. Clayton,* 179 Ohio App.3d 55, 2008-Ohio-5481.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 90584.

Decided Oct. 23, 2008.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Diane Smilanick, Assistant Prosecuting Attorney, for appellee.

Morganstern, Macadams & Devito and Michael A. Partlow; and John W. Martin Co., L.P.A. and Andy Petropouleas, for appellant.

George Clayton, pro se.

ANN DYKE, Judge.

{¶ 1} Defendant George Clayton appeals from the order of the trial court that resentenced him to life imprisonment without the possibility of parole and seven

consecutive terms of seven to 25 years of imprisonment, all in connection with his 1976 convictions for aggravated murder and seven counts of aggravated robbery. For the reason set forth below, we reverse and vacate the judgment of the trial court pursuant to our 1978 opinion in this matter, which addressed the issues presented herein.

{¶ 2} The record reflects that on December 15, 1975, defendant and several co-defendants were indicted for aggravated murder of a law-enforcement officer during an aggravated robbery, ten counts of aggravated robbery, and ten counts of kidnapping. See *State v. Clayton* (Aug. 31, 1978), Cuyahoga App. No. 37472, 1978 WL 218043. These charges arose from the November 10, 1975 armed robbery at the Blonder Company, in which Bedford Heights Detective Sergeant William Prochazka was killed and patrons of the store were robbed at gunpoint. Following a jury trial, defendant was convicted of aggravated murder and seven of the ten aggravated-robbery charges, and acquitted of the remaining charges. On June 30, 1976, defendant was sentenced to death for the aggravated-murder conviction and seven consecutive terms of seven to 25 years of imprisonment for the aggravated-robbery convictions.

{¶ 3} On direct appeal, this court modified the convictions by vacating the sentence of death and commuting the penalty to life imprisonment. As so modified, this court affirmed the convictions. This court stated:

{¶ 4} "The Supreme Court of the United States recently held that the quoted portion of the Ohio statute is unconstitutional because it:

{¶ 5} 'does not permit the type of individualized consideration of mitigating factors * * * required by the Eighth and Fourteenth Amendments in capital cases.' *Lockett v. Ohio* (1978), [438] U.S. [586, 587], [98 S.Ct. 2954,] [57] L.Ed.2d [973], * * *.

{¶ 6} "Thus, the appellant was sentenced to death under the aegis of a procedure which offends the constitution. Therefore, the sentence of death must be vacated.

{¶ 7} " * * *

{¶ 8} "The defendant's sentence of death is vacated, the sentence commuted to life imprisonment, and the case remanded to the trial court for reference to the appropriate institution for confinement."

{¶ 9} See *State v. Clayton* (Aug. 31, 1978), Cuyahoga App. No. 37472, 1978 WL 218043, *2.[1]

---

**1.** The death sentence of codefendant Michael Manns was also reduced to a term of life imprisonment by this court. See *State v. Manns* (Mar. 8, 1979), Cuyahoga App. No. 38526, 1979 WL 210029.

{¶ 10} On October 26, 1978, the trial court issued a journal entry vacating defendant's death sentence, imposing a term of life imprisonment, and designating the penal institution at which defendant was to serve his sentence. The record further reflects that in February 1979, defendant filed a petition to vacate his conviction and sentence pursuant to R.C. 2953.21. The petition was dismissed in March 1979. On May 24, 2007, defendant filed a second petition for postconviction relief pursuant to R.C. 2953.21, complaining that following the United States Supreme Court's decision in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973, "without any notice to Defendant or Defendant being afforded a sentencing hearing, in open court and being present, the Court vacated Defendant Clayton's sentence of death and imposed a sentence of 'Life Imprisonment at the Columbus Correctional Facility.'" He further maintained that the court did not follow the mandate of R.C. 2929.06, which, he maintained, restricts the trial court's resentencing options to sentences of life imprisonment with parole eligibility after serving 20 full years of imprisonment or life imprisonment with parole eligibility after serving 30 full years of imprisonment.

{¶ 11} The matter proceeded to a hearing on September 20, 2007. Thereafter, the trial court issued an opinion in which it held, in connection with the October 26, 1978 entry, that defendant was resentenced in violation of R.C. 2929.06 and Crim.R. 43 because he was not present before the trial court on that date. The trial court then resentenced defendant to a term of life imprisonment without the possibility of parole, plus consecutive terms of seven to 25 years' imprisonment, for the aggravated-robbery convictions. Defendant now appeals and assigns two errors for our review.

{¶ 12} Defendant's first assignment of error states:

{¶ 13} "The trial court lacked jurisdiction to resentence Appellant for aggravated murder."

{¶ 14} In evaluating the merits of this assignment of error, we note that in accordance with R.C. 2953.23, trial courts are limited from considering second and successive petitions for postconviction relief as follows:

{¶ 15} "[A] court may not entertain * * * a second petition or successive petitions for similar relief on behalf of a petitioner unless * * * (1) [b]oth of the following apply:

{¶ 16} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that

applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

{¶ 17} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted * * *."

{¶ 18} Defendant filed a petition for postconviction relief in February 1979 and a second petition in May 2007, which gives rise to this appeal. The May 2007 petition is therefore a successive petition. Moreover, defendant did not assert, and there is absolutely no indication in the record that he was unavoidably prevented from discovery of the facts upon which he must rely to present the claim for relief. Further, defendant did not assert, and there is no indication that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in his situation. We therefore hold that the trial court was not permitted to entertain this matter.

{¶ 19} In any event, we note that in the direct appeal of this matter, this court affirmed defendant's convictions with the following modification:

{¶ 20} "The defendant's sentence of death is vacated, the sentence commuted to life imprisonment, and the case remanded to the trial court for reference to the appropriate institution for confinement."

{¶ 21} See *State v. Clayton* (Aug. 31, 1978), Cuyahoga App. No. 37472, 1978 WL 218043, *2.

{¶ 22} Similarly, as noted in *State v. Collins* (Mar. 7, 1979), Hamilton App. No. C–77614, 1979 WL 208641, *1:

{¶ 23} "When the cases of *Lockett*[, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973], and *Bell*[ *v. Ohio* (1978), 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010,] were remanded to the Ohio Supreme Court for further proceedings, the court forthwith put on an entry reducing to life imprisonment the death sentences in the fifty-four capital cases then pending before it. Although reasons for its action were not spelled out by the court no conclusion is possible but that in the Supreme Court's opinion *Lockett* and *Bell* precluded capital punishment under Ohio's existing law."

{¶ 24} In *Johnson v. Mitchell* (1999), 85 Ohio St.3d 123, 707 N.E.2d 471, the Ohio Supreme Court considered whether this reduction violated Crim.R. 43 and R.C. 2929.06. In that case, the defendant's direct appeal from his death sentence was pending in the Ohio Supreme Court in 1978. At that time, the Supreme Court reversed the defendant's death sentence and reduced that sentence to life imprisonment, based on *Lockett*. Twenty years later, in 1998, the defendant filed a petition for habeas corpus and complained that he was resentenced in violation of Crim.R. 43 and R.C. 2929.06. The Supreme Court of Ohio rejected the

challenge and noted that Crim.R. 43 does not apply to cases on appeal[2] and that R.C. 2929.06 did not become effective until 1981 and is therefore inapplicable to resentencing proceedings held prior to this date.

{¶ 25} We find the principles set forth in *Johnson v. Mitchell*, 85 Ohio St.3d 123, 707 N.E.2d 471, applicable herein. This court reduced defendant's death sentence to a term of life imprisonment in defendant's 1978 direct appeal. Crim.R. 43 is therefore inapplicable and R.C. 2929.06 had not yet been enacted. Although the matter was subsequently returned to the trial court, our specific directive to the trial court on remand was as follows:

{¶ 26} "[R]emanded to the trial court for reference to the appropriate institution for confinement."

{¶ 27} Although the trial court's October 26, 1978 entry reiterated that a life sentence was imposed and designated the institution, it was not, in our view, a resentencing proceeding, in light of our limited remand to designate the institution of confinement.

{¶ 28} In any event, since the instant challenge was raised in a successive petition that did not meet the requirements of R.C. 2953.23, the trial court erred in entertaining these claims.

{¶ 29} In accordance with the foregoing, the trial court was without authority to resentence defendant in this matter, and the September 21, 2007 opinion is hereby vacated.

{¶ 30} Defendant's second assignment of error states:

{¶ 31} "The trial court erred by imposing an illegal sentence upon Appellant."

{¶ 32} In accordance with the foregoing, this assignment of error is moot. App.R. 12(A)(1)(a).

{¶ 33} The judgment is reversed, and the September 21, 2007 journal entry is hereby ordered vacated.

Judgment accordingly.

STEWART, P.J., and CELEBREZZE, J., concur.

---

2. Accord *State v. Howard* (1978), 56 Ohio St.2d 328, 10 O.O.3d 448, 383 N.E.2d 912; *State v. Kaiser* (1978), 56 Ohio St.2d 27, 10 O.O.3d 74, 381 N.E.2d 632; *State v. Cornely* (1978), 56 Ohio St.2d 1, 10 O.O.3d 1, 381 N.E.2d 186; *State v. Melchior* (1978), 56 Ohio St.2d 15, 10 O.O.3d 8, 381 N.E.2d 195; *State v. Cotton* (1978), 56 Ohio St.2d 8, 10 O.O.3d 4, 381 N.E.2d 190.