OPINION
On January 27, 2001, appellant, Gerald Hancox, was charged with one count of assault in violation of R.C. 2903.13(A). Said charge arose from an altercation between appellant and one Larry Williams, and the subsequent stabbing of Mr. Williams.
A jury trial commenced on June 15, 2001. The jury found appellant guilty as charged. By judgment entry filed June 18, 2001, the trial court sentenced appellant to ninety days in jail, sixty days suspended.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION, AND THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. OTHER ERRORS WERE COMMITTED AT TRIAL NOT RAISED HEREIN BUT APPARENT ON THE RECORD.
 I
Appellant claims the evidence was insufficient and the jury's verdict was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991), 61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant was convicted of assault in violation of R.C. 2903.13(A) which states "[n]o person shall knowingly cause or attempt to cause physical harm to another or to another's unborn." Appellant does not dispute the fact that he did indeed assault Mr. Williams. Appellant's Brief at 4. However, appellant argues he acted in self-defense. Self-defense is established as follows:
 To establish self-defense, the following elements must be shown: (1) the slayer was not at fault in creating the situation giving rise to the affray; (2) the slayer has a bona fide belief that he was in imminent danger of death or great bodily harm and that his only means of escape from such danger was in the use of such force; and (3) the slayer must not have violated any duty to retreat or avoid the danger. (State v. Melchior, 56 Ohio St.2d 15, 381 N.E.2d 195, 381 N.E.2d 190, approved and followed.)
State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
If any one of these elements is not proven by a preponderance of the evidence, the theory of self-defense does not apply. State v. Williford
(1990), 49 Ohio St.3d 247. The trial court charged the jury accordingly. T. at 264-265.
On the evening in question, Mr. Williams went to the Holiday Inn Express Motel in Alliance, Ohio to pick up his son who was at the motel attending a birthday party for appellant's daughter and sister-in-law. T. at 49-50, 193. Upon his arrival, Mr. Williams saw appellant and asked appellant why he made his son leave the party. T. at 52. Words were exchanged and appellant told Mr. Williams "I better had gotten out before I get fucked up." T. at 53. Mr. Williams then struck appellant in the chin, claiming he was concerned for his safety and "I felt I had a better chance of getting away if I could of got the first (inaudible)." T. at 53, 69, 73, 99. Appellant reached into his pocket and pulled out a knife. T. at 54-55. Mr. Williams testified he attempted to get away, but appellant had a hold of his coat sleeve. T. at 54, 56. A struggle ensued and appellant told Mr. Williams "your (sic) going to die tonight." T. at 56. Appellant stabbed Mr. Williams in his side, whereupon Mr. Williams left and went to the hospital. T. at 57. Mr. Williams received sutures for the cut. T. at 58. Mr. Williams also had cuts "across the nose and down my neck" which did not need stitches. T. at 58. Appellant did not testify. Through his taped statement to police which was played for the jury, appellant stated he was afraid Mr. Williams was going to cause him serious physical harm and was going to hurt him. T. at 203, 216-217.
Clearly appellant committed an assault upon Mr. Williams. The issue is whether appellant proved the elements of self-defense. The jury had before it the testimony of Mr. Williams and the taped explanation of appellant. The jury was able to observe the relative size of the parties, Mr. Williams being one hundred seventy pounds and appellant almost three hundred pounds. T. at 73. The jury chose to believe Mr. Williams. The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
Upon review, we find sufficient credible evidence, if believed, to support the conviction, and no manifest miscarriage of justice.
Assignment of Error I is denied.
 II
Appellant claims there are errors which are apparent on the record but not raised in his brief. We disagree.
Appellant cites to this court the case of Anders v. California (1966),386 U.S. 738, 87 S.Ct. 1396. In Anders, appointed counsel found his indigent client's case to be wholly frivolous and without merit. The United States Supreme Court held it was error for counsel to advise the appellate court by letter without filing any motion or brief on behalf of his client. The case sub judice is distinguishable from Anders in that appellant's appellate counsel filed a brief and in fact assigned an error for review. An Anders claim under this assignment of error has no merit. A review of the record does not reveal any error which would warrant a reversal of appellant's case.
Assignment of Error II is denied.
The judgment of the Alliance Municipal Court of Stark County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Alliance Municipal Court of Stark County, Ohio is affirmed.
By Farmer, J., Hoffman, P.J. and Gwin, J. concur.