OPINION
{¶ 1} Defendant-appellant Virginia Markland appeals her November 15, 2001, conviction and sentence in the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 5, 2001, Virginia Markland [hereinafter appellant] was indicted on one count of attempt to commit aggravated murder, in violation of R.C. 2903.01 and R.C. 2923.02(A), with a firearm specification, and one count of felonious assault, in violation of R.C.2903.11(A)(1), with a firearm specification. Specifically, the indictment alleged that on or about June 28, 2001, appellant did purposely and with prior calculation and design attempt to cause the death of her husband, John Markland [hereinafter the victim]. The indictment further alleged that on or about the same date, appellant did knowingly cause or attempt to cause physical harm to the victim by means of a deadly weapon, specifically a firearm.
 {¶ 3} The matter proceeded to a jury trial. On November 1, 2001, the jury returned verdicts of guilty on both counts. A sentencing hearing was held on November 2, 2001. By Judgment Entry filed November 15, 2001, the trial court found that the two offenses were allied offenses of similar import, pursuant to R.C. 2941.25, and entered a judgment of conviction only to the offense of attempted aggravated murder with a firearm specification. The trial court sentenced appellant to a prison term of three years for the firearm specification, and a prison term of eight years for the attempted aggravated murder. The sentences were to run consecutive.
 {¶ 4} On November 16, 2001, the State filed a motion to reduce or modify the sentence. The trial court held a hearing on the State's motion on November 28, 2001. By Judgment Entry filed November 29, 2001, the trial court reversed its earlier decision and found that there was a separate conviction for felonious assault. The trial court sentenced appellant to a prison term of five years for felonious assault to run concurrently with the previously imposed sentence for attempted aggravated murder. The trial court merged the firearm specifications.
 {¶ 5} It is from this conviction and sentence that appellant appeals, raising the following assignments of error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT GRANTED THE STATE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY REGARDING SPECIFIC PRIOR INCIDENTS OF ABUSE BY THE VICTIM.
 {¶ 7} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO GIVE THE JURY INSTRUCTION ON AGGRAVATED ASSAULT WHEN APPELLANT PRESENTED SUFFICIENT EVIDENCE OF SERIOUS PROVOCATION.
 {¶ 8} "III. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29 WHERE THE EVIDENCE WAS INSUFFICIENT AND HER CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 9} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONVICTING APPELLANT OF THE CRIMES OF FELONIOUS ASSAULT WITH A FIREARM SPECIFICATION AND ATTEMPTED AGGRAVATED MURDER WITH A FIREARM SPECIFICATION.
 {¶ 10} "V. THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO INTRODUCE THE VICTIM'S PRIOR INCONSISTENT STATEMENT THROUGH THE USE OF EXTRINSIC EVIDENCE.
 I {¶ 11} In the first assignment of error, appellant contends that the trial court erred when it granted the State's oral Motion in Limine to exclude specific prior incidents of abuse by the victim beyond the specific events on the day of the shooting. The trial court permitted testimony regarding the general nature of the couple's relationship and the events on June 28, 2001, the day of the shooting, but excluded specific prior incidents of abuse by the victim and of the parties' domestic disputes. Appellant contends that the excluded testimony was necessary to show appellant's state of mind at the time of the shooting and to raise a reasonable doubt as to whether appellant formed the necessary intent to commit attempted aggravated murder and felonious assault.
 {¶ 12} The admission of relevant evidence rests within the sound discretion of the trial court. State v. Williams (1983), 4 Ohio St.3d 53,446 N.E.2d 444. The admission or exclusion of evidence by a trial court will not be reversed on appeal absent a clear and prejudicial abuse of discretion. O'Brien v. Angley (1980), 63 Ohio St.2d 159, 407 N.E.2d 490. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219, 450 N.E.2d 1140.
 {¶ 13} Appellant appeals the trial court's ruling on a motion in limine. Technically, a ruling on a motion in limine is an interlocutory ruling as to the potential admissibility of evidence at trial and cannot serve as the basis for reviewing error on appeal. State v. Grubb
(1986), 28 Ohio St.3d 199, 201-202, 503 N.E.2d 142. Since a ruling on a motion in limine is only preliminary, an objection to such must be raised once the evidentiary issue is presented during trial in order to properly preserve the question for appeal. State v. Maurer (1984),15 Ohio St.3d 239, 259-260, 473 N.E.2d 768. At trial, appellant attempted to introduce additional, more specific evidence of the relationship between appellant and her husband. However, the trial court excluded evidence beyond the general nature of their relationship and the events of the day of the shooting. Appellant's argument may be more accurately characterized as an assertion that the trial court abused its discretion when it excluded prior specific acts of the victim, rather than the trial court erred in granting the motion in limine. We will address appellant's assignment of error as such.
 {¶ 14} The trial court permitted appellant to present testimony as to the general, volatile nature of the relationship between appellant and her husband, the victim, as well as testimony regarding the specific events of the day of the shooting. However, the trial court held that specific instances of altercations prior to the day of the shooting, absent a self-defense or battered woman syndrome defense, would "put the alleged victim on trial" for prior instances of misconduct. Transcript of Proceedings, Vol. 1, pg. 6-12. We find that the trial court did not abuse its discretion when it allowed only general testimony describing the volatile nature of their relationship and limited testimony regarding specific incidents between appellant and the victim to the events of the day of the shooting.
 {¶ 15} Appellant's first assignment of error is overruled.
 II {¶ 16} In the second assignment of error, appellant argues that the trial court erred when it denied appellant's request to give the jury an instruction on aggravated assault. Appellant was charged with felonious assault. Aggravated assault is an inferior degree of felonious assault. State v. Kehoe (1999), 133 Ohio App.3d 591, 610, 729 N.E.2d 431
(citing State v. Mack (1996), 82 Ohio St.3d 198, 200, 694 N.E.2d 1328). Aggravated assault is defined as follows: "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: . . . [c]ause or attempt to cause physical harm to another . . . by means of a deadly weapon . . ., as defined in section 2923.11 of the Revised Code." R.C. 2903.12(A)(2). "[I]n a trial for felonious assault, where the defendant presents sufficient evidence of serious provocation (such that a jury could both reasonably acquit defendant of felonious assault and convict defendant of aggravated assault), an instruction on aggravated assault (as a different degree of felonious assault) must be given." State v. Deem, (1988), 40 Ohio St.3d 205, 211,533 N.E.2d 294 (original emphasis). We find that this court need not address appellant's assignment of error because we find that this court lacks jurisdiction to address appellant's assignments of error that relate to her conviction for felonious assault.
 {¶ 17} Appellate Rule 3(C) provides, in pertinent part, that "[t]he notice of appeal . . . shall designate the judgment, order or part thereof appealed from. . . ." We agree with the Eighth District Court of Appeals which has held that "App.R. 3 must be construed in light of the purpose of a notice of appeal, which is to notify appellees of the appeal and advise them of "just what appellants . . . [are] undertaking to appeal from." In re Skinner (May 7, 2001), Stark App. No. 2000CA00207, 2001 WL 498399 (citing Parks v. Baltimore Ohio RR (1991),77 Ohio App.3d 426, 428.
 {¶ 18} In the case sub judice, appellant was initially sentenced on November 15, 2001. On November 20, 2001, appellant filed a notice of appeal which designated the trial court's November 15, 2001, Judgment Entry as the judgment from which the appeal was taken. In that Judgment Entry, the trial court found that the two charges on which appellant had been convicted, attempted aggravated murder and felonious assault, were allied offenses of similar import. Therefore, the trial court entered a judgment of conviction only on the offense of attempted aggravated murder.
 {¶ 19} On November 29, 2001, the trial court amended its previous sentencing entry. In that Entry, the trial court held that the offenses of attempted aggravated murder and felonious assault were not allied offenses of similar import and entered judgments of convictions on both counts. Appellant failed to appeal the subsequent entry or amend the prior Notice of Appeal to reflect the new sentencing entry, as permitted in App.R. 3(F).[1]
 {¶ 20} This assignment of error concerns appellant's conviction for felonious assault, as found in the November 29, 2001, sentencing entry. Appellant has not appealed from that Judgment Entry. Therefore, since appellant has failed to appeal the November 29, 2001 Judgment Entry, this court finds that it does not have jurisdiction to hear appellant's assignment of error.
 {¶ 21} Accordingly, appellant's assignment of error is overruled. See Meadow Wind Health Care Center, Inc. v. McInnes, Stark App. No. 2001CA00320, 2002-Ohio-1588.
 III {¶ 22} In the third assignment of error, appellant contends that the trial court erred when it denied appellant's motion for acquittal pursuant to Crim.R. 29 since there was insufficient evidence to convict appellant, and contends that appellant's convictions were against the manifest weight of the evidence. Appellant contends that the Crim.R. 29 motion should have been granted because the State failed to prove the element of "prior calculation and design" in the attempted aggravated murder charge beyond a reasonable doubt and failed to establish the elements of purposely and/or knowingly contained in the charges of attempted aggravated murder and felonious assault, respectively.
 {¶ 23} As held previously, appellant failed to appeal from the Judgment Entry in which appellant was convicted of felonious assault. Therefore, this court does not have jurisdiction to consider the portion of appellant's assignment of error which concerns her conviction for felonious assault.
 {¶ 24} As to the remainder of appellant's assignment of error, Crim.R. 29(A) provides that "[t]he court on motion of a defendant . . . shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment . . . if the evidence is insufficient to sustain a conviction of such offense or offenses." A Crim.R. 29(A) motion for acquittal tests the sufficiency of the evidence presented at trial. See, State v. Williams (1996), 74 Ohio St.3d 569, 576,660 N.E.2d 724; State v. Miley (1996), 114 Ohio App.3d 738, 742,684 N.E.2d 102. On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492.
 {¶ 25} Appellant also contends that the convictions were against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v.Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d (citing Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717). Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, syllabus 1.
 {¶ 26} Appellant challenges her conviction for attempted aggravated murder, in violation of R.C. 2903.01 and R.C. 2923.02. Revised Code 2903.01(A) (aggravated murder) states the following: "No person shall purposely, and with prior calculation and design, cause the death of another or the unlawful termination of another's pregnancy." (Emphasis added) Revised Code 2923.02 (attempt) provides the following, in relevant part: "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense. . . . (E)Whoever violates this section is guilty of an attempt to commit an offense." A person acts "purposely" when "it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A).
 {¶ 27} Appellant specifically argues that the State failed to show prior calculation and design. There is no bright-line test to determine whether prior calculation and design is present. State v. Taylor,78 Ohio St.3d 15, 20, 1997-Ohio-243, 676 N.E.2d 82. Each case must be decided on a case-by-case basis. Id. "`[P]rior calculation and design' requires `a scheme designed to implement the calculated decision to kill.'" State v. D'Ambrosio (1993), 67 Ohio St.3d 185, 196, 616 N.E.2d 909
(quoting State v. Cotton, 56 Ohio St.2d 8, 11, 381 N.E.2d 190). "Instantaneous deliberation is not sufficient * * *." State v. Cotton
(1978), 56 Ohio St.2d 8, 11, 381 N.E.2d 190, paragraph two of the syllabus. Where evidence adduced at trial reveals the presence of sufficient time and opportunity for the planning of an act of homicide to constitute prior calculation, and the circumstances surrounding the homicide show a scheme designed to implement the calculated decision to kill, a finding by the trier of fact of prior calculation and design is justified. State v. Cotton, supra at paragraph three of the syllabus. In analyzing the jury's determination that appellant acted with prior calculation and design, we must review the evidence "in a light most favorable to the prosecution." Id. (citing State v. Jenks,61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph two of the syllabus).
 {¶ 28} In light of the above standards, we find that the evidence presented at appellant's trial supports the jury's determination of prior calculation and design and the required mental state and intent. Evidence showed the following: After an argument had ended, appellant retrieved a hand gun that she had hidden in the house, and began to look for the victim. When she found the victim had left for work, she instructed her daughter to call appellant's mother to pick up the children. Appellant told her oldest daughter that the victim was not going to hurt them any more. Appellant then left the house to find the victim at work. The drive from appellant's home to the victim's place of business was approximately twenty minutes.
 {¶ 29} Upon arriving at the victim's place of work, appellant deliberately walked through the plant in search of the victim. When she found the victim, she approached the victim from behind, pointed the gun at his head and fired. The victim fell. Appellant said "you're never going to hurt me again." Appellant then shot the victim two more times, hitting the victim in the face and the neck.
 {¶ 30} Appellant's actions were sufficient to establish that appellant acted purposely and with prior calculation and design. Appellant took deliberate, calculated steps to arm herself, find the victim and shoot the victim, while taking steps to ensure that her children were cared for and safe.
 {¶ 31} We find that the jury verdict was supported by sufficient evidence and was not against the manifest weight of the evidence. We find that the jury did not lose its way or create a manifest miscarriage of justice. The trial court did not error in overruling appellant's motion for acquittal.
 {¶ 32} Appellant's third assignment of error is overruled.
 IV {¶ 33} In the fourth assignment of error, appellant argues that her conviction for felonious assault with a firearm specification and attempted murder with a firearm specification violated R.C. 2941.25. Once again, this court finds that it is without jurisdiction to consider appellant's assignment of error.
 {¶ 34} This assignment of error concerns the November 29, 2001, sentencing entry in which the trial court found that the charges of felonious assault and attempted aggravated murder were not allied offenses of similar import. Appellant has not appealed from that Judgment Entry. Therefore, this court finds that we do not have jurisdiction to hear appellant's assignment of error.
 {¶ 35} Appellant's fourth assignment of error is overruled.
 V {¶ 36} In the fifth assignment of error, appellant argues that the trial court erred when it refused to allow appellant to introduce the victim's prior inconsistent statement through extrinsic evidence. Appellant sought to impeach the victim through the testimony of Detective Bissler of the Jackson Township Police Department by using prior inconsistent statements the victim allegedly made to Detective Bissler.
 {¶ 37} Evidence Rule 613(B) pertains to extrinsic evidence of prior inconsistent statements. Evidence Rule 613(B) states the following, in relevant part:
 {¶ 38} "Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
 {¶ 39} "(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
 {¶ 40} "(2) The subject matter of the statement is:
 {¶ 41} "(a) A fact that is of consequence to the determination of the action other than the credibility of a witness; . . . ."
 {¶ 42} It is not error for a trial court to prohibit extrinsic evidence of a prior inconsistent statement where the statement is relevant to a collateral issue that is being tried, and the statement is pertinent only with respect to the credibility of the witness. State v.Cornett (1992) 82 Ohio App.3d 624, 612 N.E.2d 1275. When the prior inconsistent statement is collateral to the issue being tried and pertinent to the credibility of the witness, its admission is a matter within the sound discretion of the trial judge. State v. Shaffer (1996)114 Ohio App.3d 97, 682 N.E.2d 1040; State v. Soke (1995)105 Ohio App.3d 226, 663 N.E.2d 986. To constitute an abuse of that discretion, the trial court's decision must be unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 43} In this case, appellant alleges that counsel sought to impeach the victim with prior inconsistent statements relating to the volatileness of appellant's prior relationship with his wife and what they fought about the day of the shooting. Once again, our review is limited to appellant's conviction for attempted aggravated murder.
 {¶ 44} We find the issues upon which appellant sought to impeach to be sufficiently collateral so that the trial court did not error in excluding the alleged prior inconsistent statements. The issues of the volatile nature of the relationship between appellant and the victim and the subject matter of the argument on the day of the shooting were collateral, especially since appellant did not claim self-defense or battered woman's syndrome and our review is limited to the attempted aggravated murder charge.
 {¶ 45} Therefore, the standard of review is abuse of discretion. We find that the trial court did not abuse its discretion in refusing to permit appellant to impeach the victim through Detective Bissler. Under the facts in this case, whether the victim may have down played the volatileness of his relationship with appellant or misstated the subject matter of the argument on the date of the offense during his testimony at trial would have little, if any, probative value. We find no abuse of discretion.
 {¶ 46} Appellant's fifth assignment of error is overruled.
 {¶ 47} The November 15, 2001, Judgment of the Stark County Court of Common Pleas is affirmed.
By Edwards, J., Gwin, P.J. and Wise, J. concur.
[1] "The court of appeals within its discretion and upon such terms as are just may allow the amendment of a timely filed notice of appeal." App.R. 3(F).