[Cite as *U.S. Bank, N.A. v. Detweiler*, 2012-Ohio-73.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| U.S. BANK, N.A. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Julie A. Edwards, J. |
| -vs- | Case No. 2011CA00095 |
| BENJAMIN R. DETWEILER, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
                            Common Pleas, Case No. 2009 CV 04084

JUDGMENT:                   Reversed and Final Judgment Entered

DATE OF JUDGMENT ENTRY:     January 9, 2012

APPEARANCES:

For Plaintiff-Appellee                 For Defendant-Appellant

KIMBERLEE S. ROHR                      PAUL E. ZINDLE
Lerner, Sampson & Rothfuss             ANAHID THOMPSON
120 East Fourth Street, 12th Floor     Community Legal Aid Services, Inc.
Cincinnati, Ohio 45202                 50 South Main St., Suite 800
                                       Akron, Ohio 44308

*Hoffman, P.J.*

(¶1) Defendants-appellants Benjamin R. and Mary Detweiler appeal the March 24, 2011 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of Plaintiff-appellee U.S. Bank, N.A., in this foreclosure action.

## STATEMENT OF THE FACTS AND CASE

(¶2) On October 22, 1998, Benjamin R. and Mary Detweiler ("Appellants") executed a note in the amount of $78,100 to Residential Bancorp. On the same day, Appellants also granted Residential Bancorp a mortgage in the amount of $78,100 on the property located at 14836 Ravenna Ave. N.E., Hartville, Ohio. The mortgage identifies the loan as a federally insured loan subject to the regulations of the United States Department of Housing and Urban Development ("HUD").

(¶3) On October 23, 1998, Residential Bancorp assigned the note and mortgage to the Leader Mortgage Company. Appellee U.S. Bank, N.A.'s, complaint states it is the successor by merger to the Leader Mortgage Company.

(¶4) In 2005, Appellants filed a petition for Chapter 7 bankruptcy with the United States Bankruptcy Court, Northern District of Ohio. By virtue of the bankruptcy, Appellants were immune from collection activity and potentially personal liability on the note.

(¶5) On August 10, 2009, relief from operation of the bankruptcy stay was granted to U.S. Bank, N.A., and the Trustee was directed to abandon the property.

(¶6) On September 11, 2009, U.S. Bank notified Appellants by letter of the default on the note and breach of the mortgage securing the note. The letter stated in

order to cure the default and breach, Appellants were to pay the required funds within 30 days of the date of the letter. If funds were not received within 30 days to bring the account current, U.S. Bank stated it would accelerate the sums due under the note and the terms of the mortgage.

**(¶7)** U.S. Bank filed its complaint in foreclosure against Appellants on October 21, 2009. U.S. Bank stated therein it was the holder of the note, but a copy of the note was unavailable at that time. U.S. Bank subsequently filed a notice of filing of the note on November 3, 2009.

**(¶8)** Appellants filed a pro se answer on December 23, 2009. In their answer, Appellants alleged U.S. Bank was not the real party in interest and it lacked standing to file the suit. Appellants also argued U.S. Bank failed to satisfy certain conditions precedent, including among their arguments compliance with all necessary HUD regulations and other conditions precedent, prior to filing its complaint in foreclosure.

**(¶9)** U.S. Bank filed a motion for summary judgment on January 29, 2010. Appellants filed a motion for summary judgment on March 7, 2011.  Via Judgment Entry of February 23, 2010, the trial court granted summary judgment in favor of U.S. Bank, and denied Appellant's motion for summary judgment.

**(¶10)** Appellants filed a Civ.R. 60(B) motion to vacate the February 23, 2010 Judgment Entry on March 8, 2010. The trial court stayed the matter when Appellants filed a notice of appeal to this Court of the trial court's February 23, 2010 judgment.

**(¶11)** Via Judgment Entry of December 13, 2010, this Court reversed the February 23, 2010 Judgment Entry of the trial court and remanded the matter holding,

**(¶12)** "We find that the mortgage loan in this case is federally insured and that by the terms in the note and mortgage it is subject to HUD regulations in the case of default or acceleration. The HUD regulations, incorporated within the terms of the default or acceleration provisions, include those requirements found in Sections 203.602 and 203.604, Title 24, C.F.R., as stated above. Those requirements, therefore, are conditions precedent.

**(¶13)** "The next issue is whether appellee sufficiently established under Civ.R. 56 that it complied with the requisite conditions precedent before initiating the foreclosure process against the property. We find that appellee has established only partial compliance with the stated HUD regulations through its Civ.R. 56(C) evidence.

**(¶14)** "In support of its motion for summary judgment, appellee submitted its affidavit, stating, 'Affiant states that the defendant was served with notice of their default and notice of the plaintiff's intent to accelerate by letter, attached hereto as Exhibit 'D.' ' The letter, sent to appellant Benjamin R. Detweiler on September 11, 2009, states that it serves 'as notice of the default of the Promissory Note and breach of the mortgage securing that Note.' We find that this letter supports Appellee's claim that it sufficiently complied with providing appellants with notice of the delinquency as required by Section 203.602, Title 24, C.F.R.

**(¶15)** "However, appellee must also establish that it sufficiently complied with Section 203.604, Title 24, C.F.R. as a condition precedent to foreclosure. See *Washington Mut. Bank v. Mahaffey,* 154 Ohio App.3d 44, 2003-Ohio-4422, 796 N.E.2d 39 (Second District Court of Appeals found that mortgagee was not entitled to summary judgment when it failed to establish that it sufficiently complied with Section 203.604,

Title 24, C.F.R.). Reviewing the motion for summary judgment in a light most favorable to the nonmoving party, we find that it is clear that appellee made no attempt to establish that it complied with the regulation that it have a face-to-face interview with the mortgagor, or made a reasonable effort to arrange the interview, before bringing the foreclosure action. Further, the September 11, 2009 letter cannot be used to demonstrate even minimal compliance with Section 203.604, Title 24, C.F.R., because subsection (d) of that rule prescribes a certified letter as the minimum requirement for a reasonable effort to arrange a face-to-face meeting. There is no evidence to show that the September 11, 2009 letter was sent to appellants by certified mail, and the letter does not contain any language purporting to arrange a face-to-face meeting. See *CitiMortgage, Inc. v. Ferguson,* Fairfield App. No. 2006CA00051, 2008-Ohio-556, 2008 WL 376380 (failure to provide documentary evidence that notice of default and acceleration was sent by certified mail as required by the terms of the mortgage prevented summary judgment in favor of mortgagee).

**(¶16)** "Accordingly, we find that there is a genuine issue of material fact whether appellee complied with the conditions precedent prior to initiating the foreclosure proceedings. We find that although appellants failed to respond to the summary judgment, on this issue summary judgment is not appropriate pursuant to Civ.R. 56(E)."

**(¶17)** *U.S. Bank, N.A. v. Detweiler* (2010), 191 Ohio App.3d 464.

**(¶18)** On remand to the trial court for further proceedings as to whether U.S. Bank, N.A. complied with the conditions precedent necessary for foreclosure, the trial court, via Judgment Entry of March 24, 2011, again granted summary judgment in favor of U.S. Bank.

**(¶19)** Appellants now appeal, assigning as error:

**(¶20)** "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF U.S. BANK, N.A. WHEN PLAINTIFF PRODUCED NO EVIDENCE THAT IT COMPLIED WITH CONDITIONS PRECEDENT PRIOR TO INITIATING THE FORECLOSURE PROCEEDINGS.

**(¶21)** "II. THE TRIAL COURT ERRED IN FAILING TO GRANT SUMMARY JUDGMENT TO DEFENDANTS WHEN THE RULE 56 EVIDENCE ESTABLISHES THAT PLAINTIFF U.S. BANK, N.A. FAILED TO HAVE A FACE-TO-FACE MEETING WITH THE DETWEILERS OR MAKE A REASONABLE EFFORT TO ARRANGE A MEETING."

**(¶22)** Appellants' assigned errors raise common and interrelated issues; therefore, we will address the arguments together.

I. & II.

**(¶23)** It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no

evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

**(¶24)** Appellants assert the trial court erred in granting summary judgment in favor of U.S. Bank as U.S. Bank failed to produce evidence it complied with conditions precedent prior to initiating the within foreclosure proceedings.

**(¶25)** Appellants' loan at issue was a FHA insured loan; thus, subject to the requirements of 24 C.F.R. 203.604, including a face-to-face interview as a condition precedent to foreclosure.  On remand from the first appeal, U.S. Bank argued it did not have to satisfy the face-to-face interview requirement of 24 C.F.R. 203.604 as Appellants were in bankruptcy.  As set forth in the Statement of the Facts and Case supra, this Court previously reversed the decision of the trial court and remanded the matter for further proceedings to determine whether U.S. Bank complied with certain conditions precedent to foreclosure. *U.S. Bank, N.A. v. Detweiler,* 191 Ohio App.3d 464, 2010-Ohio-6408.  This Court held U.S. Bank must first establish it complied with 24 C.F.R. 203.604 by having a face-to-face interview with Appellants, or by making a

reasonable attempt to arrange a face-to-face interview before bringing the foreclosure action. Id. This Court held sending a certified letter is "the minimum requirement for a reasonable effort to arrange a face-to-face meeting." Id.

(¶26) The law of the case doctrine provides a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Nolan v. Nolan* (1984), 11 Ohio St.3d 1. Here, on remand, and for the first time in these proceedings, Appellee U.S. Bank asserted it was not required to comply with the face-to-face interview requirement due to Appellants' bankruptcy. Appellee did not assert this argument during the prior appeal or as a basis for reconsideration thereof. Instead Appellant raised the issue for the first time on remand. We find the argument is subject to issue preclusion pursuant to the law of the case doctrine.

(¶27) Appellee U.S. Bank's January 29, 2010 motion for summary judgment which was the subject of the prior appeal asserts compliance with all necessary HUD regulations as conditions precedent. If Appellee wanted to argue it was excused from compliance with the condition precedent of a face-to-face meeting due to Appellants' bankruptcy, it could have made the argument prior to or during the first appeal. Appellee had the opportunity to raise the argument during the prior appeal to this Court as a conditional cross-assignment of error but failed to do so; therefore, is judicially estopped by law of the case doctrine from raising the issue upon remand to the trial court.

(¶28) Appellant's filed a motion for summary judgment on March 7, 2011, and U.S. Bank filed a memorandum contra on March 7, 2011. U.S. Bank's memorandum

contra does not establish compliance with the conditions precedent set forth in the HUD regulations. Therefore, the trial court erred in not granting summary judgment in favor of Appellants.

**(¶29)** Appellants' assignments of error are sustained.

**(¶30)** The judgment of the Stark County Court of Common Pleas is reversed. Pursuant to App. R.12(B), we order final judgment granting Appellants' motion for summary judgment and order Appellee's foreclosure action dismissed and costs assessed to Appellee.

By: Hoffman, P.J.

Wise, J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ John W. Wise_____
HON. JOHN W. WISE


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. BANK, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| BENJAMIN R. DETWEILER, ET AL. | : | |
| | : | |
| Defendants-Appellants | : | Case No. 2011CA00095 |

For the reasons stated in our accompanying Opinion, the judgment of the Stark County Court of Common Pleas is reversed. Summary judgment is granted to Appellants. Appellee's foreclosure action is dismissed and costs incurred in the trial court are assessed to Appellee. Costs of this appeal are assessed to Appellee

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS