[Cite as *State v. Cotten*, 2013-Ohio-1960.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 12CA60 |
| PRINCE CHARLES COTTEN, SR. | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal of the Court of Common Pleas, Case No. 1976 CR 8941 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | May 10, 2013 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY<br>JOHN C. NIEFT<br>ASSISTANT PROSECUTOR<br>38 South Park Street<br>Mansfield, Ohio 44902 | PRINCE CHARLES COTTEN, SR.<br>MARION CORRECTIONAL INSTITUTION<br>Post Office Box 1812<br>Marion, Ohio 43301-1812 |

*Wise, J.*

{¶1} Appellant Prince Charles Cotten, Sr., aka Charles Cotten, Sr., appeals the decision of the Court of Common Pleas, Richland County, which denied four post-conviction motions filed by appellant, who is serving a life sentence for a 1976 aggravated murder conviction. The relevant facts leading to this appeal are as follows.[1]

{¶2} On February 6, 1976, police were summoned to a convenience store in Mansfield, Ohio, after appellant and his wife presented a suspicious check. During the ensuing events, appellant shot and killed Officer Michael R. Hutchison and shot and wounded Officer Roger W. Casler.

{¶3} Appellant was subsequently convicted before a three-judge panel of aggravated murder with specifications, uttering or possessing with intent to utter a check of another known to have been forged, and knowingly causing physical harm to another by means of a deadly weapon. Upon direct appeal, this Court affirmed appellant's convictions and sentences. *See State v. Cotton* (October 26, 1977), Richland App.No. 1611, 1977 WL 200852. Appellant then appealed to the Ohio Supreme Court. On August 17, 1978, the Ohio Supreme Court affirmed appellant's convictions, but commuted his sentence to life imprisonment. *See State v. Cotton* (1978), 56 Ohio St.2d 8, 381 N.E.2d 190.

{¶4} Appellant has since filed numerous self-styled pro se motions with the trial court, the details of which need not be recited in the present opinion. At issue in the present appeal are the following filings:

---

[1] In appellant's pro se brief, he utilizes the name "Prince Charles Cotten, Sr." Some of the trial court documents in the record use the last name spelling of "Cotton" and some do not include "Prince" in the caption. We will herein maintain the caption used by the trial court in the judgment entry under appeal.

**{¶5}** July 17, 2006: Motion requesting a copy of resentencing entry.

**{¶6}** January 29, 2007: Motion for a new trial.

**{¶7}** March 28, 2012: Motion for leave to "ask constitutional questions."

**{¶8}** March 28, 2012: Motion to "correct and certify the records."

**{¶9}** On July 12, 2012, the trial court issued a judgment entry overruling the aforesaid four motions.

**{¶10}** On July 27, 2012, appellant filed a notice of appeal. He herein raises the following five Assignments of Error:

**{¶11}** "I. JUDGE DEWEESE WAS IN ERROR AND THE APPELLANT WAS PREJUDICE (SIC) WHEN JUDGE DEWEESE OVERRULED APPELLANT'S MOTION FOR A COPY OF RE-SENTENCING JUDGMENT ENTRY.

**{¶12}** "II. JUDGE DEWEESE WAS IN ERROR AND THE APPELLANT WAS PREJUDICE (SIC) WHEN JUDGE DEWEESE OVERRULED APPELLANT'S MOTION FOR A NEW TRIAL INLIGHT (SIC) OF EXCULPATORY EVIDENCE LAB. NO. 7013.

**{¶13}** "III. JUDGE DEWEESE WAS IN ERROR AND THE APPELLANT WAS PREJUDICE (SIC) WHEN JUDGE DEWEESE OVERRULED APPELLANT'S REQUEST FOR LEAVE TO ASK CONSTITUTIONAL QUESTION(S) PURSUANT TO O.R.C. §2701.02.

**{¶14}** "IV. JUDGE DEWEESE WAS IN ERROR AND THE APPELLANT WAS PREJUDICE (SIC) WHEN JUDGE DEWEESE OVERRULED APPELLANT'S MOTION TO CORRECT AND CERTIFY THE RECORDS.

**{¶15}** "V. JUDGE DEWEESE WAS IN ERROR AND THE APPELLANT WAS PREJUDICE (SIC) WHEN JUDGE DEWEESE ATTEMPTED TO CONDONE THE

STATE SUPREME COURT'S RULING THAT WAS CONTRARY TO THE U.S. SUPREME COURT'S DECISION [,] WHICH WAS DONE WITH MALICE AND MALICIOUS INTENT IN BAD FAITH, IN A WANTON AND RECKLESS DISREGARD FOR THE U.S. SUPREME COURT'S DECISION DECLARING OHIO'S DEATH SENTENCE WAS UNCONSTITUTIONAL. THEIR RULING WAS 'JUDGMENT REVERSED!' TO THE EXTENT THAT IT UPHELD IMPOSITION OF DEATH PENALTY AND CASE REMANDED."

### I., IV.

{¶16} In his First and Fourth Assignments of Error, appellant contends the trial court erred in denying his motion for a copy of his resentencing entry and his request to "correct and certify the records." We disagree.

{¶17} In the 1978 Ohio Supreme Court decision in appellant's direct appeal, the Court stated: "The judgment of the Court of Appeals with respect to the conviction of the appellant is affirmed and *** the death sentence imposed upon appellant has been modified to life imprisonment." *See Cotton*, 56 Ohio St.2d 8, 14. Appellant presently appears to argue that he was nonetheless entitled to subsequent resentencing in the trial court under R.C. 2929.06, and has demanded a copy of such resentencing documents. However, R.C. 2929.06 was not intended to be retroactive and clearly limits itself to aggravated murders that occurred "on or after October 19, 1981." *See* R.C. 2929.06(E). *See, also, Johnson v. Mitchell* (1999), 85 Ohio St.3d 123. Moreover, appellant provides no legal authority for his claim that the trial court itself is under a duty to provide him with document copies from the court's files or to otherwise "certify"

the trial court record for him at this point without a valid records request to the Richland County Clerk of Courts.

**{¶18}** Appellant's First and Fourth Assignments of Error are therefore overruled.

II.

**{¶19}** In his Second Assignment of Error, appellant maintains the trial court erred in denying his motion for a new trial. We disagree.

**{¶20}** Crim.R. 33(B) states in pertinent part: "*** Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

**{¶21}** An abuse of discretion standard applies to motions for leave to file a delayed motion for a new trial. *See State v. Pinkerman* (1993), 88 Ohio App.3d 158, 160, 623 N.E.2d 643.

**{¶22}** Appellant appears to argue that laboratory item "7013," which he does not presently describe, provides exculpatory evidence entitling him to a new trial. We note appellant did not provide proper Crim.R. 33(C) affidavits to the trial court in this regard, nor has he alleged or demonstrated how he was unavoidably prevented from obtaining this evidence for more than thirty years. See Crim.R. 33(A)(2), (A)(3), (A)(6).

{¶23} Upon review, we find no abuse of discretion in the trial court's denial of appellant's motion for a new trial. Appellant's Second Assignment of Error is therefore overruled.

III., V.

{¶24} In his Third and Fifth Assignments of Error, appellant appears to argue that the trial court erred in not permitting him to re-argue or raise constitutional challenges to his sentence. We disagree.

{¶25} The law of the case doctrine provides a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *U.S. Bank v. Detweiler*, Stark App.No. 2011CA00095, 2012-Ohio-73, ¶ 26, citing *Nolan v. Nolan* (1984), 11 Ohio St.3d 1, 462 N.E.2d 410. As best as we can decipher appellant's claims in these two remaining assigned errors, we find they are barred by the doctrine of law of the case, and the trial court did not err in denying same.

{¶26} Appellant's Third and Fifth Assignments of Error are overruled.

{¶27} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.
Gwin, P. J., and
Farmer, J. concur.

_____

_____

_____

JUDGES

JWW/d 0424

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                          :
                                       :
    Plaintiff-Appellee              :
                                       :
-vs-                                   :           JUDGMENT ENTRY
                                       :
PRINCE CHARLES COTTEN, SR.             :
                                       :
    Defendant-Appellant             :           Case No. 12CA60



For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


                                   _____

                                   _____

                                   _____

                                                JUDGES