[Cite as *State v. Cotten*, 2019-Ohio-828.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 18CA105 |
| | : | |
| CHARLES D. COTTEN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Richland County Court of Common Pleas, Case No. 1976 CR 8941

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: March 8, 2019

APPEARANCES:

For Plaintiff-Appellee:

GARY BISHOP
RICHLAND COUNTY PROSECUTOR

JOSEPH C. SNYDER
38 S. Park St.
Mansfield, OH 44902

For Defendant-Appellant:

PRINCE CHARLES COTTEN, SR.
Inmate # A146-490
P.O. Box 8107
Mansfield, OH 44901-8107

*Delaney, J.*

{¶1} Defendant-Appellant Prince Charles D. Cotten, Sr. aka Charles D. Cotten appeals the September 19, 2018 judgment entry of Richland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On February 6, 1976, police were summoned to a convenience store in Mansfield, Ohio, after Defendant-Appellant Prince Charles D. Cotten, Sr. aka Charles D. Cotten and his wife presented a suspicious check. During the ensuing events, Cotten shot and killed Officer Michael R. Hutchinson and shot and wounded Officer Roger W. Casler.

{¶3} Cotten was subsequently convicted before a three-judge panel of aggravated murder with specifications, uttering or possessing with intent to utter a check of another known to have been forged, and knowingly causing physical harm to another by means of a deadly weapon. Upon direct appeal, this Court affirmed Cotten's convictions and sentences. *See State v. Cotten*, 5th Dist. Richland No. 1611, 1977 WL 200852 (Oct. 26, 1977). Cotten then appealed to the Ohio Supreme Court. On August 17, 1978, the Ohio Supreme Court affirmed Cotten's convictions, but commuted his sentence to life imprisonment based on the ruling of the United States Supreme Court that Ohio's mandatory death penalty statute was unconstitutional. *See State v. Cotten*, 56 Ohio St.2d 8, 381 N.E.2d 190 (1978).

{¶4} Since 1978, Cotten has filed numerous self-styled pro se motions, writs, and appeals with the trial court, the Marion County Court of Common Pleas, the Third District Court of Appeals, the Fifth District Court of Appeals, the Twelfth District Court of Appeals, the Ohio Supreme Court, and the U.S. District Court.

{¶5} On September 10, 2018, Cotten filed a "notice of conclusion and recommendation 'from' a 'legal' termination investigation" with the Richland County Court of Common Pleas. Cotten argued the trial court showed prejudice against him by its failure to resentence him after the Ohio Supreme Court commuted Cotten's death sentence to a sentence of life imprisonment. The trial court found Cotten's September 10, 2018 motion to be without merit because in 2012, Cotten argued the trial court was required to resentence him after the Ohio Supreme Court commuted his sentence. The trial court overruled the motion and this Court affirmed the judgment in *State v. Cotten*, 5th Dist. Richland No. 12CA60, 2013-Ohio-1960. In its September 19, 2018 judgment entry denying Cotten's latest motion, the trial court found it was not required to resentence Cotten and he was properly incarcerated on the Ohio Supreme Court's commutation entry.

{¶6} It is from this judgment entry Cotten now appeals.

**ASSIGNMENTS OF ERROR**

{¶7} Cotten raises three Assignments of Error:

{¶8} "I. THE COURT GROSSLY ERRED TO THE APPELLANT'S PREJUDICE, WHEN THE COURT HAVE ACTED AS THE JUDGE, THE PROSECUTOR, AND THE JURY; BY ACTING AS THE JUDGE, THE PROSECUTOR, AND THE JURY IN VIOLATION OF HIS OATH OF OFFICE AND THE SEPARATION OF POWER DOCTRINE.

{¶9} "II. THE COURT COMMTITED [SIC] GROSS DELICTION [SIC] OF DUTY TO THE APPELLATE'S [SIC] PREJUDICE. WHEN THE COURT HAVE DISREGARDED HIS OATH OF OFFICE. WHEN SUPPORTING THE SUPREME COURT OF OHIO'S

BOGUS DECISION, OVER THAT OF THE SUPREME COURT OF THE UNITED STATES. THE SUPREME LAW OF THE LAND AND THE COURT OF LAST RESORT.

{¶10} "III. THE COURT COMMITTED GROSS INJUSTICE TO THE APPELLATE'S [SIC] PREJUDICE. WHEN THE COURT HAVE WILLFULLY, CONSCIOUSLY, VOLUNTARILY, INTELLIGENTLY, WITH PRIOR CALCULATION AND DESIGNED, RUSHED TO AID THE SUPREME COURT OF OHIO IN THEIR VOID AB INTITO [SIC] ENTRY NO. 55, AS A CONSPIRATOR OF THE FIRST DEGREE."

**ANALYSIS**

{¶11} We consider Cotten's three Assignments of Error together as they are interrelated. Cotten argues the trial court erred in denying his motion. We disagree.

{¶12} The law of the case doctrine provides a decision of a reviewing court in a case remains the law of the case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels. *Cotten*, 2013-Ohio-1960, ¶ 25 citing *U.S. Bank v. Detweiler*, 5th Dist. Stark No. 2011CA00095, 2012-Ohio-73, ¶ 26. We find Cotten's argument as to resentencing has been addressed by this Court in *State v. Cotten*, 5th Dist. Richland No. 12CA60, 2013-Ohio-1960. Cotten's argument is barred by the doctrine of law of the case and the trial court did not err in denying the same.

{¶13} Cotten's first, second, and third Assignments of Error are overruled.

## CONCLUSION

{¶14} The judgment of the Richland County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.